**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NADIA MARY METROKA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO. 23-00601 |
| | : | |
| PENNSYLVANIA STATE LAW | : | |
| ENFORCEMENT, MONTGOMERY | : | |
| COUNTY, LOWER MORELAND | : | |
| TOWNSHIP POLICE AND/OR AGENCY | : | |
| DEPARTMENT, KELLY E. HEIST, | : | |
| INDIVIDUALLY AND AS | : | |
| OFFICER/AGENT OF FOR LOWER | : | |
| MORELAND TOWNSHIP POLICE | : | |
| AND/OR AGENCY, GOOGLE | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2023, upon consideration of

Defendants, Lower Moreland Township Police Department and Officer Kelly E. Heist's Motion

to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED

and DECREED that the Motion is GRANTED. Plaintiff's claims against Lower Moreland

Township Police and/or Agency Department and Officer Kelly E. Heist are DISMISSED, with

prejudice.

It is further ORDERED that Plaintiff is barred from filing any further claims against

Lower Moreland Township Police Department, Lower Moreland Township, and/or Officer Kelly

E. Heist without leave of Court.

BY THE COURT

By: _____

_____, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NADIA MARY METROKA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DOCKET NO. 23-00601 |
| | : | |
| PENNSYLVANIA STATE LAW | : | |
| ENFORCEMENT, MONTGOMERY | : | |
| COUNTY, LOWER MORELAND | : | |
| TOWNSHIP POLICE AND/OR AGENCY | : | |
| DEPARTMENT, KELLY E. HEIST, | : | |
| INDIVIDUALLY AND AS | : | |
| OFFICER/AGENT OF FOR LOWER | : | |
| MORELAND TOWNSHIP POLICE | : | |
| AND/OR AGENCY, GOOGLE | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS, LOWER MORELAND TOWNSHIP POLICE DEPARTMENT AND**
**OFFICER KELLY E. HEIST'S MOTION TO DISMISS PLAINTIFF'S AMENDED**
**COMPLAINT (ECF 12) PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant, Lower Moreland Township Police and/or Agency Department ("LMT

Police") and Officer Kelly E. Heist ("Officer Heist") (hereinafter, collectively, "Moving

Defendants") by and through their undersigned counsel, MacMain Leinhauser PC, respectfully

request This Honorable Court dismiss Plaintiff's Amended Complaint (ECF 12) for failure to

state a claim upon which relief can be granted. The Brief in Support of Moving Defendants'

Motion to Dismiss is incorporated herein by reference as if fully set forth herein and attached

hereto.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant

their Motion to Dismiss Plaintiff's Amended Complaint, with prejudice, and enter an order in the

form of the attached proposed order.

**MACMAIN LEINHAUSER PC**

Dated: <u>March 23, 2023</u>          By:     <u>*/s/ David J. MacMain*          </u>
David J. MacMain
Brian C. Conley
Attorney I.D. Nos. 59320 / 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants Lower Moreland*
*Township Police Department and Officer*
*Kelly Heist*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NADIA MARY METROKA, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE LAW | : | DOCKET NO. 23-00601 |
| ENFORCEMENT, ET. Al. | : | |
| Defendants. | | |

**BRIEF IN SUPPORT OF DEFENDANTS, LOWER MORELAND TOWNSHIP POLICE
DEPARTMENT AND OFFICER KELLY E. HEIST'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT (ECF 12) PURSUANT TO F.R.C.P. 12(b)(6)**

Lower Moreland Township Police Department ("the Department") and Officer Kelly E.

Heist ("Officer Heist") (hereinafter, collectively, "Moving Defendants") by and through their

undersigned counsel, MacMain Leinhauser PC, submit this Brief in support of their Motion to

Dismiss Plaintiff's Amended Complaint (ECF 12) pursuant to F.R.C.P. 12(b)(6).

**I.     INTRODUCTION**

Plaintiff's claims against Moving Defendants stem from her arrest and criminal charges

related to an incident involving harassment and criminal mischief during a physical altercation

with her father and the subsequent posting of the arrest information on the website

"CrimeWatch." Despite couching them as a civil rights claims, Plaintiff asserts primarily legally

insufficient state law tort claims and claims for which she fails to allege a right to relief.

Moving Defendants are also – unfortunately – very familiar with *pro se* Plaintiff,[1] after

she previously sought the exact same relief she seeks in the instant lawsuit in the Court of

Common Pleas of Montgomery County, Pennsylvania. Having been unsuccessful in state Court,

Plaintiff seeks to relitigate her meritless claims in a different forum. Lacking in merit and

---

[1] Plaintiff is an attorney barred in the State of Florida, but is proceeding in this matter pro se. As Plaintiff alluded to – but mischaracterized – in the Complaint (ECF 10, n. 3), the undersigned was forced to file an ethics complaint with the Florida bar after Plaintiff threatened him with criminal acts and defamation.

otherwise barred by the doctrine of res judicata, Plaintiff's claims against Moving Defendants should be dismissed, with prejudice.

## II.   **PROCEDURAL HISTORY**

Plaintiff initiated the instant action by filing a Request for an Emergency Injunction (ECF 1), seeking removal of the CrimeWatch post. On March 16, 2023, after This Court declined to schedule a hearing at Plaintiff's request and ordered Plaintiff to review the applicable pro se guidelines, Plaintiff filed a "Complaint" against Moving Defendants and several other parties. (ECF 10). On March 17, 2023, Plaintiff filed an "Amended Complaint," that is nearly identical in form and substance to the Complaint filed on March 16, 2023[2] (ECF 12); Plaintiff also filed two amended requests for injunctions (ECF 9 and ECF 11) seeking the removal of the CrimeWatch post.

According to the Rules of Civil Procedure, a Plaintiff may commence an action by filing a complaint (F.R.C.P. 3) and may amend her pleading once as a matter of course without leave or the consent of the parties (F.R.C.P. 15). Because the initial and amended requests for injunctions are not proper case-initiating filings, and the Amended Complaint was filed as a matter of course within a day of the Complaint, Answering Defendants will consider the Amended Complaint (ECF 12) ("ACOM") as the operative filing and respond accordingly.

Prior to initiating this action, Plaintiff filed a nearly identical complaint ("Montco Complaint") in the Court of Common Pleas of Montgomery County, Pennsylvania ("Montco Matter"). *See Metroka v. Lower Moreland Township Police, et al.*, C.C.P. Montgomery Cnty., No. 2022-16003. The Montco Complaint and a Docket Sheet for the Montco Matter are attached hereto as Exhibits 1 and 2, respectively. It appears the Montco Complaint and the ACOM in this

---

[2] The only differences are the removal of several footnotes and the deletion of a duplicate page.

matter differ only in the content of their footnotes and the addition of references to the Montgomery County matter. On November 23, 2022, the Montgomery County Court of Common Pleas (Judge Tolliver) sustained Moving Defendant's Preliminary Objections, dismissing all claims against them with prejudice, except for the Section 1983 claim,[3] which was dismissed without prejudice.[4] *See* the November 23, 2022 Order, attached hereto as Exhibit 3.

Finally, identical to the relief requested in ECF 1, 9, and 11 in the instant matter, Plaintiff also moved for Injunctive Relief in the Montco Matter. *See* Exhibit 2, at p.2, Doc. No. 20; *see also* Plaintiff's Request for Emergency Injunction, attached hereto as Exhibit 4. On November 29, following a hearing, the Montgomery County Court of Common Pleas (Judge Moore) denied Plaintiff's Request for Emergency Injunction. Plaintiff subsequently filed an appeal to the Commonwealth Court of Pennsylvania regarding the denial of the Request for Injunction, only. *See Metroka v. Lower Moreland Twp.*, et al, No. 1512 CD 2022, the docket of which is attached hereto as Exhibit 5; *see also* the Notice of Appeal, attached hereto as Exhibit 6. Thereafter, on February 27, 2023, Judge Moore issued a Rule 1925 Opinion, which is attached as Exhibit 7.

### III.   **FACTS**[5]

On June 21, 2022, there was an incident between Plaintiff and her father that resulted in her father calling the police. (ACOM, p.2-3, ¶ 7)[6] The police arrived and arrested Plaintiff, who was charged with criminal mischief, harassment (subjecting others to physical contact), and simple assault. *See* Criminal Docket, *Com. v. Metroka*, Court of Common Pleas of Montgomery

---

[3] Identified in the Montco Complaint as Count "VIV," but in the Order correctly identified as "Count IX."
[4] Plaintiff failed to file an Amended Complaint in the Montco Matter.
[5] Without admitting the same, the facts herein are taken from the ACOM for the purpose of this Motion, only.
[6] Note: the ACOM contains several paragraphs that are numbered out of order, including paragraph 7 on p. 2-3.

County, Docket No. CP-46-CR-4359-2022, attached hereto as Exhibit 8.[7],[8] On July 21, 2022, an article was published on CrimeWatch pertaining to the June 21, 2022 arrest of Plaintiff. (ACOM, ¶ 17; *see also* Exhibit A to ACOM[9]).

## IV.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). A motion to dismiss for failure to state a claim may be granted if, after accepting all well-pleaded facts in the complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff is not entitled to relief. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). In deciding a Motion to Dismiss, Courts may consider only those allegations contained in the complaint, attached exhibits, matters of public record, and undisputedly authentic documents upon which the claims are based. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Although a complaint need not contain detailed factual allegations, it must have more than unadorned, "the-defendant-unlawfully-harmed-me," accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A plaintiff's obligation…to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. The Supreme Court makes it clear that the assumption of truth does not apply to legal conclusions

---

[7] A Court may consider matters of public record, including court dockets, on a Motion to Dismiss. *Gov't Emples. Ins. Co. v. Nealy*, 262 F.Supp.3d 153, 167 n. 12 (E.D.Pa. 2017) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004).
[8] The simple assault charge was dismissed at the magistrate level, while the other two charges were held for court. The criminal matter remains pending and is awaiting trial. *See* Exhibit 1.
[9] No exhibits are attached to the ACOM; the CrimeWatch post is found at ECF 1-4, Exhibit A1-A5, pp. 2-6 of 94.

couched as factual allegations, or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## V.   ARGUMENT

### A.   Plaintiff's Claims a Barred by the Doctrine of *Res Judicata*

Plaintiff's claims must be dismissed in their entirety under the doctrine of *res judicata* because they have already been adjudicated and dismissed by the Court of Common Pleas of Montgomery County, Pennsylvania.

The doctrine of *res judicata* requires federal courts to give state court judgments the same preclusive effect that the issuing state courts would give them. *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). While the doctrine is sometimes referred to in narrower terms as "claim preclusion," whereas collateral estoppel refers to "issue preclusion," the Third Circuit has noted that "the preferred usage" of the term *res judicata* "encompasses both claim and issue preclusion." *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997). To prevail on the defense of claim preclusion, a defendant must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney*, 621 F.3d at 347 (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Claim preclusion applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding. *See Inofast Mfg., Inc. v. Bardsley*, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)); *Donahue v. Gavin*, No. 98-1602, 1999 U.S. Dist. LEXIS 2760, at *2 (E.D. Pa. Mar. 12, 1999)

In deciding whether to give preclusive effect to a state court judgment, the rendering state's law on preclusion is applied. *Marrese v. Am. Acad. Of Ortho. Surgeons*, 470 U.S. 373, 380-81 (1985). Accordingly, Pennsylvania law applies to determine res judicata in this case.

The Supreme Court of Pennsylvania has explained that res judicata:

> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995).

The doctrine will bar a later action if the two actions in question share the following four conditions: (1) the thing sued upon, (2) the cause of action, (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued. *Russo v. City of Philadelphia*, 459 Fed.Appx. 176, 179 (3d Cir. 2012); *see also Turner v. Crawford Sq. Apts.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearhoff v. Bearhoff Bros., Inc.*, 485 Pa. 494 (Pa. 1974).

In this case, all four factors are present, and, accordingly, Plaintiff's claims are barred by res judicata. Given that the Montco Complaint and Plaintiff's Amended Complaint here are virtually identical, little analysis is necessary to determine whether res judicata bars the instant matter. Out of an abundance of caution, however, they will be addressed.

With regard to the first condition – identity of the thing sued upon – the things sued upon are the same. Plaintiff seeks recovery for harm allegedly done to her by the posting of information concerning her arrest on June 21, 2020. Indeed, even the requests for injunction in each matter are identical – Plaintiff seeks the removal of the CrimeWatch post.

Regarding the second factor, the cause(s) of action are identical in each case. The Montco Complaint and the Amended Complaint are near verbatim copies, both alleging the following causes of action against the Moving Defendants:[10] Defamation (Count I); Fraud (Count II); Publicity to a Private Matter (Count III); Negligent Infliction of Emotional Distress (Count IV); Intentional Infliction of Emotional Distress (Count V); Negligence (Count VI); Negligence Per Se[11] (Count VII); Gross Negligence (Count VIII)[12]; Tortious Interference with Contractual Obligation (Count VIX)[13]; 42 U.S.C. § 1983 (Count X); and Copyright and Trademark Infringement (Count XIII).[14]

Regarding the third and fourth factors, while the parties named in the caption of each case differ slightly,[15] the difference is immaterial. *See* Exhibits 2 and 3."Res judicata will not be defeated by minor differences of form, parties or allegations where the [ultimate and controlling' issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Massullo v. Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C.*, 1999 U.S. Dist. LEXIS 7177, at *5 (E.D. Pa. May 17, 1999); *see also Jett v. Beech Interplex, Inc.*, 2004 U.S. Dist. LEXIS 13352, at *3 (E.D.Pa. July 15, 2004). There is no question that the parties and their capacities to be sued, as relevant to this Motion, are the same.

Although not an element, Moving Defendants note that the Montco Complaint was decided in a final judgment on the merits. Moving Defendants filed Preliminary Objections in

---

[10] Compare ECF 12 with Exhibit 1, attached hereto.

[11] As to Officer Heist, only.

[12] The numbering of this claim as "Count VII" in the Montco Complaint is duplicative and affects the remaining numbering in the Montco Complaint.

[13] Incorrectly numbered as "Count VIII" in the Montco Complaint and as "Count VIV" in the ACOM.

[14] The remaining claims are directed to other defendants and are omitted here for brevity.

[15] In the Montco Complaint, Plaintiff named the following defendants: Lower Moreland Township Police Department, Kelly E. Heist, Google, Abington Memorial Hospital, and Capital Blue. See Exhibit 2. However, Plaintiff only served Abington Memorial Hospital, and the claims against it were dismissed. *See* Exhibit 3. In this case, the defendants are listed as: Pennsylvania State Law Enforcement, Montgomery County, "Lower Moreland Township Police and/or Agency Department," Kelly E. Heist, and Google.

the nature of a demurrer, which were sustained and all counts, except the § 1983 claim, were dismissed with prejudice. *See* Exhibits 3 and 4. "For res judicata purposes, a judgment on the merits 'is one that actually pass[es] directly on the substance of [a particular] claim before the court.'" *Weinar v. Lex*, 176 A.3d 907, 915 (Pa. Super. Ct. 2017) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2017)). Dismissal for failure to state a claim constitutes final judgment on the merits. *Garland v. Gardner*, 2020 U.S. Dist. LEXIS 101962, at * 12-13 (E.D.Pa., June 10, 2020). While the § 1983 claim was dismissed without prejudice, Plaintiff failed to timely amend her complaint[16] or appeal the dismissal, rendering the dismissal final as to that claim also. *Love v. Temple University*, 220 A.2d 838, 840 (Pa. 1966) (plaintiff's failure to appeal after preliminary objections were sustained "renders the doctrine of res judicata applicable and precludes vacation of an order after the time to appeal has passed."); *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.*, 152 A.2d 669, 671 (Pa. 1959) (holding that where dismissal without prejudice is limited in scope, the order of dismissal is final).

Thus, Plaintiff's claims are barred by res judicata, and must be dismissed, with prejudice.

**B.   Plaintiff's Claims Fail on the Merits**

Alternatively, Plaintiff's claims fail on the merits.

### 1.   *The Department must be dismissed as an improper defendant.*

It is well settled that a police department is not a proper defendant in a civil suit. Pennsylvania Rule of Civil Procedure 2102(b) provides that "[a]n action shall be brought by or against a political subdivision in its name." Pa.R.C.P. No. 2102(b). A political subdivision is defined as "any county, city, borough, incorporated town, township, school district, vocational school district, county institution district or municipal or other local authority." Pa.R.C.P. No.

---

[16] According to Pa.R.C.P. 1028(e), a party may amend a pleading within twenty days after notice of the order sustaining preliminary objections. Plaintiff failed to amend, and more than twenty days have passed.

76. A police department is not a political subdivision, but rather a sub-unit thereof. *Monastra v. Del. County Sheriff's Office*, 49 A.3d 556, 558 (Pa. Cmwlth. 2012) (dismissing all claims against a police department because it was not a proper party) (citing *Johnson v. City of Erie*, 834 F.Supp. 873, 878-79 (W.D.Pa. 1993)). As the Department is not a political subdivision, it is not a proper party and all claims against it must be dismissed.[17] *See Monastra*, 49 A.3d at 558.

### 2. *Moving Defendants are immune under the Tort Claims Act.*

The Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. § 8541, et. seq., expressly limits the types of suits that can be brought against a political subdivision and its employees. None of the state-law claims against Moving Defendants fall into the accepted categories of claims, and therefore they must be dismissed.

The claims that Plaintiff purports to bring against the Department and Officer Heist,[18] including Defamation (Count I), Fraud (Count II), Publicity to a Private Matter (Count III), Negligent Infliction of Emotional Distress (Count IV), Intentional Infliction of Emotional Distress (Count V), Negligence (Count VI), Negligence Per Se (Count VII), Gross Negligence (Count VIII), Tortious Interference with Contractual Obligation (Count IX[19]), and Copyright and Trademark Infringement (Count XIII), all must be dismissed under the PSTCA.

Local agencies are generally immune from tort liability under the PSTCA, which states:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
> *See* 42 Pa.C.S. § 8542.

---

[17] Out of an abundance of caution, the remainder of the arguments in this brief will assume without admitting that Plaintiff's claims against the Department are asserted against the Township and all arguments asserted by the Department are also asserted as if made on behalf of the Township.
[18] Officer Heist is explicitly named as a defendant in only three claims – Count VII (Negligence Per Se), Count VIII (Gross Negligence), and Count X (§ 1983). Out of an abundance of caution, Moving Defendants incorporate their arguments as if, without admitting, that Plaintiff intends to name Officer Heist in all claims against the Department.
[19] Incorrectly labelled as Count "VIV."

The broad scope of immunity extends to willful, malicious, and intentional misconduct of a municipal entity. *Ackler v. Spangler*, 500 A.2d 206 (Pa.Cmwlth. 1985); s*ee also Smith v. City of Chester*, 851 F.Supp. 656 (E.D.Pa. 1994). The PSTCA waives immunity *only with regard to negligent acts* that fall within the nine (9) exceptions. *Lory v. City of Philadelphia*, 674 A.2d 673, 675 (Pa. 1996), cert. denied, 519 U.S. 870 (1996). A municipal employee is immune to the same extent as the agency, so long as the act was not committed willfully and outside the course and scope of employment. *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006).

To prevail under the PSTCA, Plaintiff must prove (1) the cause of action is one for which recovery may be had at common law or by statute; (2) the cause of action falls within one of nine[20] enumerated exceptions to immunity; and (3) the injuries were caused by the "negligent acts" of the municipality. 42 Pa.C.S. § 8542. The Pennsylvania Supreme Court has made it clear that the exceptions to governmental immunity in § 8542(b) must be narrowly construed in accordance with the legislature's intent to shield local agencies from tort liability. *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987). State law claims under the PSTCA may be dismissed on a Motion to Dismiss. *See Burdsall v. West Whiteland Twp.*, 2019 U.S. Dist. LEXIS 88662, at *10 (E.D.Pa., May 28, 2019).

Plaintiff claims, generally, that the Department was negligent (Count VI), grossly negligent (Count VIII), negligent per se (Count VII)[21], and negligently inflicted emotional distress (Count IV) by publishing information about her June 21, 2022 arrest and criminal charges. These claims do not fall within any of the nine (9) exceptions. The remaining tort claims assert intentional

---

[20] The nine exceptions include: (1) vehicle liability; (2) care, custody, and control of personal property; (3) real property; (4) trees, traffic control devices and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody, and control of animals; and (9) sexual abuse. 42 Pa.C.S. § 8542(b).
[21] Although only Officer Heist was named in this Count, to the extent it is raised against the Department, it is addressed here.

conduct for which immunity applies. *See*, *e.g.*, Counts I (Defamation)[22], II (Fraud)[23], III (publicity of a private matter)[24], V (Intentional Infliction of Emotional Distress)[25], IX (Tortious Interference)[26], and XIII (Copyright and Trademark Infringement).[27] *Ackler v. Spangler*, 500 A.2d 206, 207 (Pa.Cmwlth. 1985). Accordingly, the Department is immune from suit for all state law claims raised by Plaintiff and, accordingly, they should be dismissed, with prejudice.

Officer Heist also has immunity under the PSTCA. Both counts VII (Negligence Per Se) and VIII (Gross Negligence) against her sound in negligence for allegedly releasing information about Plaintiff. The claims should be dismissed because Officer Heist is immune under the PSTCA for negligence claims in the course of her employment to the same extent as her municipal employer. *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006); *see also* 42 Pa.C.S. § 8545.

Even if Plaintiff alleged the remaining state law tort claims against Officer Heist (which she does not), Officer Heist would be immune from suit because the allegations do not constitute willful misconduct. *Malia v. Monchak*, 543 A.2d 184, 188-189 (Pa.Cmwlth.Ct. 1988). To the contrary, all of Officer Heist's actions were within the scope of her employment as a police officer and do not constitute actual malice or willful misconduct. *Petula v. Mellody*, 631 A.2d 762, 766 (Pa.Cmmwlth.Ct. 1992) (for the abrogation of immunity for public employees under 42 Pa.C.S.A. § 8550 to apply, the employee must have acted with actual malice or willful misconduct).

---

[22] *Thompson v. Wagner*, 631 F.Supp.2d 664, 688 (W.D.Pa. 2008) (a municipality is immune from suit for defamation under the PSTCA); *Alston v. PW-Philadelphia Weekly*, 980 A.2d 215, 219 (Pa.Cmwlth.. 2008) (same).
[23] *Devore v. City of Philadelphia*, 2005 U.S. Dist. LEXIS 3438, at * 16-17 (E.D.Pa. 2005).
[24] *Flanagan v. Borough of Laflin*, 2014 U.S. Dist. LEXIS 42505 (M.D.Pa., Mar. 2014) (municipality is immune from claim for publicity given to private life under PSTCA).
[25] *Travis v. Deshiel*, 832 F. Supp. 2d 449, 454 (E.D. Pa. 2011) (dismissing plaintiff's intentional infliction of emotional distress because it does "not fit within any of the [PSTCA's] exceptions").
[26] *Roehrig v. Twp. Of Cass*, 2015 Pa.Commw.Unpub.LEXIS 622 (Pa.Cmwlth.Ct., Aug. 18, 2015) (dismissing plaintiff's tortious interference with contractual relations claim because it is an intentional tort for which the municipal defendant is immune under the PSTCA).
[27] *First Keystone Fed. Sav. Bank v. First Keystone Mortg.*, 923 F.Supp. 693, 700-701 (E.D.Pa. 1996); *Donner v. Tams-Witmark Music Library, Inc*., 480 F.Supp. 1229, 1233 (E.D.Pa. 1979) (holding that copyright and trademark infringement are torts). To the extent that Copyright or Trademark Infringement can be asserted for unintentional (i.e. negligent) conduct, immunity still applies as the claim does not fall within any exception to immunity.

3.     ***The Section 1983 Claim Fails***

To maintain a § 1983 claim, Plaintiff must establish (1) the alleged conduct was committed by a person acting under color of state law; and (2) the conduct deprived her of rights, privileges or immunities secured by the Constitution or federal law. *Hicks v. Feeney*, 77 F.2d 375, 377 (3d Cir. 1985) (§ 1983 is not a source of substantive rights; it only provides a "method for vindicating federal rights elsewhere conferred."). Because § 1983 does not provide a "right to be free from injury wherever the State may be characterized as the tortfeasor," Plaintiff must show a deprivation of a federally protected right. *Paul v. Davis*, 424 U.S. 693, 701 (1976).

Plaintiff alleges that she was deprived of a purported "right to privacy…not to be defamed, and the constitutional right to be treated lawfully by the police." Plaintiff's claim of a right to be "treated lawfully by the police" is so vague and undefined that Moving Defendants cannot adequately articulate a response and therefore should be dismissed. *See Blessing Auto Repair, Inc. v. Pennsylvania State Police*, 2021 U.S. Dist. LEXIS 130849 (E.D.Pa., July 14, 2021) (dismissing § 1983 claim for failing to allege a violation because "a successful § 1983 claim must identify 'the precise constitutional violation with which [the defendant] is charged.")

To the extent that Plaintiff claims that she has a protected right not to be defamed, the Supreme Court has held that an individual cannot claim a constitutionally protected interest in her reputation and, accordingly, allegations of defamation are insufficient to form a Section 1983 claim. *See*, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Paul v. Davis*, 424 U.S at 701.

Defamation is only actionable if it involves a change or extinguishment of a right guaranteed by state law or protected by the Constitution. *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989). Consequently, even if defamation would "seriously impair [Plaintiff's]

12

future employment opportunities," it is not a federal claim. *Caristo v. Blairsville-Saltsburg Sch. Dist.*, 370 F.Supp.3d 554, 567 (W.D.Pa., 2019) (*citing Paul v. Davis*, 424 U.S. at 701).

Similarly, Plaintiff has not identified a violation of a right to privacy. The federal protection for a right to privacy is extremely limited and addresses the government's ability to regulate private conduct, not any right to be free from the tort of invasion of privacy. *See Paul v. Davis*, 424 U.S. at 713 (government power to regulate conduct in the areas of marriage, procreation, contraception, family relationships, and child rearing are limited by the so-called "right to privacy"); *see also Stanley v. George*, 394 U.S. 557 (1969) (concerning regulation of a person's private activities). There is also no right of privacy in criminal conduct or arrest records. *Nunez v. Pachman*, 578 F.3d 228, 231-232 (3d Cir. 2009) (the right to privacy only protects "highly personal matters" representing "the most intimate aspects of human affairs"). Criminal records, including police reports, are "inherently public – not private – documents and thus beyond the purview" of Constitutional protection. *Id*. at 232 (citing *Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995) ("Criminal activity is…not protected by the right to privacy").

Therefore, because Plaintiff has failed to allege a violation of a federally protected right, her § 1983 claim fails and must be dismissed.

Additionally, although Plaintiff purports to bring a § 1983 claim against Officer Heist, she fails to allege any action taken by Officer Heist that violated her rights. A civil rights complaint must allege facts identifying "the conduct, time, place, and persons responsible." *Burley v. Hilton*, 282 A.3d 395 (Cmwlth. Ct. 2022) (*citing Evancho v. Fisher*, 423 F.3d 347, 353 (3d. Cir. 2005)). A plaintiff must allege the personal involvement of each defendant to state a § 1983 claim. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988). Plaintiff has failed to allege any personal involvement in the publishing of the alleged information, so the claim fails.

### a.  The § 1983 claim against the Department fails.

"[A] municipality cannot be held liable under § 1983 on a *respondent superior* theory."

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a claim against a municipality

under 42 U.S.C. § 1983, the governing body itself must subject a person to a deprivation of

rights or "cause" a person to be subjected to such a deprivation of rights. *Id*., at 658. A

municipality can be liable in civil rights claims only when a constitutional violation results from

an official policy or custom. *Id.* at 691-94. Additionally, a *Monell* claim may be stated where an

official with policymaking authority violates federal law in a manner that causes a constitutional

deprivation. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Because

Plaintiff fails to allege that any policy, custom, or practice – or official act of a policy-maker –

caused the alleged violation, the § 1983 claim against the Department must be dismissed.

### b.  Officer Heist is entitled to Qualified Immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil

damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223,

231 (2009).  Qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011).  In resolving

claims of qualified immunity, a court must decide: 1) whether the facts make out a violation of a

constitutional right, and 2) whether that right was clearly established at the time of the

defendant's misconduct.  *Pearson*, 555 U.S. at 232.  If the law does not put the state actor on

notice that his or her conduct would be clearly unlawful, qualified immunity applies.  *Bayer v.*

*Monroe County Children and Youth Serv.*, 577 F.3d 186, 193 (3d Cir. 2009). Because there is no

violation of a constitutional right, nor is it clearly established that her acts would violate

Plaintiff's rights, Officer Heist is entitled to qualified immunity.

### 4.    *The CrimeWatch Post is Not Defamatory*

Plaintiff fails to allege any facts that the CrimeWatch post is false, which is fatal to her

defamation claim. *See* 42 Pa.C.S. § 8343(a); *see also Smith v. School Dist. of Phila.*, 112

F.Supp.2d 417 (E.D.Pa., 2000) (outlining elements of defamation claim in Pennsylvania). The

post is similar to a police-blotter, merely outlining the fact of the arrest as reported by the

complainant and the charges filed. The Department was also privileged to post about Plaintiff's

arrest. Police officers, in the performance of their official duties, are conditionally privileged to

make statements concerning crimes. *Trippett v. Pennsylvania*, 2017 U.S.Dist.LEXIS 162489 at

*7 (E.D.Pa., Sept. 29, 2017); 42 Pa.C.S.A. § 8343(a)(7). The Restatement (Second) of Torts

Section 611 recognizes that reports of official actions, such as an arrest, are conditionally

privileged. *See* Restatement 2nd Torts § 611, at comment (h.).

### C.    Plaintiff Should be Barred from Future Filings without Leave of Court

As is evident from the myriad filings in the Montco Matter and in the brief existence of

the instant matter (inclusive of her direct communications with the Court), Plaintiff has a history

of vexatious conduct, including filing spurious and repetitive motions and communications,

which substantially burden the litigants and the Court. Indeed, the very filing of this matter in

this Court is repetitive and vexatious, as it has already been raised and resolved in state court.

Moving Defendants therefore offers that is a waste of judicial resources to permit Plaintiff

unfettered leave to file with this Court and request that Plaintiff be barred from commencement

of further litigation against such Defendants without leave of Court. *See Gage v. Wells Fargo*

*Bank, N.A.*, 555 Fed. App'x 148, 152 (3d Cir. 2014) (a district court "may issue an injunction

under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of court before filing further complaints.")

## VI.   <u>CONCLUSION</u>

For the reasons set forth herein, Moving Defendants respectfully requests that This Honorable Court grant their Motion to Dismiss Plaintiff's Amended Complaint and enter an Order in the proposed form of Order.

**MACMAIN LEINHAUSER PC**

Dated: <u>March 23, 2023</u>                    By:      <u>*/s/ Brian C. Conley*</u>
                                                                      David J. MacMain
                                                                      Brian C. Conley
                                                                      Attorney I.D. Nos. 59320 / 311372
                                                                      433 W. Market Street, Suite 200
                                                                      West Chester, PA 19382
                                                                      *Attorneys for Defendants Lower Moreland*
                                                                      *Township Police Department and Officer*
                                                                      *Kelly Heist*

# EXHIBIT 1

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA**

Nadia Mary Metruka: 110 E. Broward Blvd. Suite 1700,
Fort Lauderdale, Fl 33301

22-16003

Lower Moreland Twp. Police: 640 Red Lion Road     NO.
#1, Huntingdon Valley PA 19006,
VS.

Kelly E. Heist, 640 "Red Lion Road, #1, Huntingdon Valley PA 19006 CA 95833

Croogle: 2710 Gateway Oaks Drive, Suite 150N, Sacramento PA 19001
Abington Memorial Hospital: 1200 Old York Road, Abington PA 19001
Capital Blue: 2500 Elmerton Avenue, Harrisburg, PA 17110-9702

**NOTICE TO DEFEND-CIVIL**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401

(610) 279-9660, EXTENSION 201

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Nadia Mary Metroka
   (Pro Se)

    Plaintiff,

Lower Moreland Township Police Department,
Kelly E. Heist, individually, and as officer/agent for
Lower Moreland Township Police Department,
Google,
Abington Memorial Hospital, Capital Blue,

  **Defendants.**

_____/

Civil Court
Jury Trial Demanded



22.16003

### COMPLAINT

Plaintiff, Nadia Mary Metroka (hereinafter "Plaintiff") files this Complaint against

Defendants, the Lower Moreland Township Police (hereinafter "Police"), Google Search Engine

(hereinafter "Google"), Abington Memorial Hospital (hereinafter "Hospital"), Capital Blue

(hereinafter "Health Insurance Company") and provides the following:

### Jurisdiction and Venue

1.  This Court has jurisdiction over Police because the Police are located in Montgomery

County, Pennsylvania. Moreover, the incident occurred/occurring in Montgomery County,

Pennsylvania.

2.  This Court has jurisdiction over Officer Kelly E. Heist because she is an officer/agent

for Police and resides in Montgomery County, Pennsylvania.

3. This Court has jurisdiction over Google because Google hosted/hosting the subject

content published by Police and Google has ongoing and continuous business contact with those

residing in Montgomery County, Pennsylvania.

1

4. This Court has jurisdiction over Hospital because Hospital's principal place of business is Montgomery County, Pennsylvania and Hospital has ongoing and continuous contact with those residing in Montgomery County, Pennsylvania. Moreover, the failure to provide proper care occurred in Montgomery County, Pennsylvania.

5.This Court has jurisdiction over Health Insurance Company because Health Insurance Company's has ongoing and continuous business contact with those residing in Montgomery County, Pennsylvania and the incident giving rise to this Complaint occurred/is occurring in Montgomery County, Pennsylvania.

6. Venue is appropriate in the Court of Common Pleas of Montgomery County because the transactions and occurrences giving rise to Plaintiff's Complaint took place in Montgomery County, Pennsylvania. Further the damages sought are more than the jurisdictional requirement for this Court.

<u>Statement of Relevant Facts</u>

7.  Plaintiff is the eldest daughter and was raised by grandparents and parents to care for her elders. Plaintiff is deeply religious.[1] Plaintiff and her parents are deeply connected. Plaintiff's occupation is lawyer licensed to practice in the State of Florida. Plaintiff's public and online reputation impact Plaintiff's work. In addition to her emotional and mental health.

8.  In September/October, Plaintiff's mother woke up one day with a sudden and severe inability to swallow.

9.  Plaintiff's mother was admitted to the hospital.

10. Upon learning of the hospitalization, Plaintiff travelled up north from her permanent

---

[1] Plaintiff's religious beliefs include that the 10 Commandments have a literal, metaphorical, and spiritual meaning. For example, the first commandment "Thou shall not kill" has a literal, a metaphorical, and a spiritual meaning-a person can kill another in ways that go beyond simply killing their person. That has happened here.

2

residence located in Florida and has been living at parents' house helping since that time (with the exception of trips back and forth for work).

11. Upon mother's admission to the Hospital, the Hospital informed Health Insurance Company that it was medically necessary for Plaintiff's mother to stay in the hospital as inpatient.

12. Despite the Hospital's determination that inpatient care was medically necessary, the Health Insurance Company refused to pay for the inpatient hospital care that the doctors requested and deemed medically necessary. (Exhibit A). [2]

13. This resulted in seeds of doubt and mother not receiving proper care.

14. Ultimately, mother was discharged from the hospital with a feeding tube in place.

15. The hospital failed to provide adequate instruction and care regarding the feeding tube.

16. The failure to provide adequate instruction and follow-up care resulted in mother's health declining.

17. On several occasions, Plaintiff called 911 to help parents in attempting to get adequate care for mother.

18. The police and fire rescue failed to take any action to help plaintiff and parents. Instead, the Police and fire rescue, on several occasions, failed to see the severity of the situation, and presumably perceived Plaintiff to be overreacting. This is discriminatory.

19. Mother ended up back in the hospital and has been in nursing home care since the second discharge from the hospital.

20. As one would reasonably believe the confusion and distress from Health Insurance

---

[2] This is beyond gross negligence and/or intentional and needs to be addressed as soon as possible.

3

Company's erroneous denial of coverage has created additional, unnecessary, and completely

avoidable (but for the Health Insurance Company's refusal to provide coverage) stressors in

Plaintiff's family. On June 21, 2022, Plaintiff and her father had a disagreement that resulted in

father telephoning the Police.

21. The police were unable or unwilling to aid the situation and arrested Plaintiff. (See

Police report).

22. Despite lacking in legal grounds, the police charged Plaintiff with simple assault,

harassment, and criminal mischief. This situation paled in comparison to what the Police did

next.

23. On July 21, 2022, approximately one (1) month after arrest, a website called

"Montgomery.CrimeWatchPa.com" published false and defamatory information about Plaintiff

regarding June 21, 2022 arrest. (See Exhibit C- "ATTEMPT BY MENACE and 7 additional

charges" seen as the first article when googling Plaintiff's name).

24. Plaintiff's image is copyright protected. Plaintiff's name is pending trademark

approval/trademarked. Plaintiff has not provided permission to any of the defendants to use,

distribute, make derivatives, copy, alter, or benefit from her copyrighted image and trademark

pending approval/trademarked name.

The Rationale for Bringing this Lawsuit

25. The Police exist to protect and serve. They do not exist to spread sinister rumors

about the families in our communities. To have a healthy functioning society we

must be able to trust our Police force. It is difficult to trust when misinformation, specifically in

this case rather sinister misinformation, is provided via our Police force.

26. When people in positions of public trust, paid by tax dollars to protect us,

violate public trust, it damages society. It is far worse than a civilian violating the public trust because when the Police do it, it undermines our justice system resulting in insecurity, uncertainty, and more crime in society.  We must be vigilant about public trust in the Police force by making sure the Police understand that trustworthiness in their actions is required.

27. Hospitals exist to provide adequate medical care for ailing patients. Hospital placed the feeding tube in mother thereby creating a dangerous condition and thereafter failed to provide the proper safety i.e. follow-up care. We need hospitals to be able to provide follow-up and on-going care to all patients discharged with surgically invasive procedures and devices. Our loved ones matter.

28. Google is a business that provides information to the public. There is a reasonable expectation of truth in the matters supported by the Google platform. Google has the capability to weed out false and damaging information. This either was not done or was done recklessly and with little concern for the truth and/or for the fact that this is copyrighted and/or trademark pending approval/trademarked material to which they have no permissions.

29.  Health Insurance Companies exist to provide medical coverage to insureds in need of coverage. Health Insurance Companies do not exist to steamroll medical doctors' opinions as to "medically necessary". When companies that are paid by customers to provide health coverage fail to do so, it results in major distresses in society. Insurance companies are supposed to soothe worry associated with medically necessary treatments. We need to make sure that everyone is on the same page with this.

30. Family is off-limits.

31. Our justice system is designed in a way that allows for one person to make

positive change in society.  Plaintiff will not be tolerating the above referenced issues in her

world and will take every legal measure necessary to make sure the above issues are resolved.

### COUNT 1-Defamation-Defendant, Police

32. In order to show defamation, a Plaintiff must prove the following elements:**1) the**

**defamatory character of the communication; 2) its publication by the defendant; 3) its**

**application to the plaintiff; 4) an understanding by the reader or listener of its defamatory**

**meaning; 5) an understanding by the reader or listener of an intent by the defendant that**

**the statement refer to the plaintiff; 6) special harm resulting to the plaintiff from its**

**publication; 7) abuse of a conditionally privileged occasion.**  42 Pa. Cons. Stat. Ann. §

8343(a)(1)-(7)(1998).

#### 1)  The defamatory character of the communication;

**33.** The Police posted an article on the worldwide web stating falsely and recklessly that

Plaintiff committed several morally repugnant crimes. Stating that a person committed a crime is

considered defamation per se. The element to show special damages is not required.

#### 2)  its publication by the defendant:

**34.** The Police published these defamatory statements to their Lower Moreland Township

Police Department's website titled: "Montgomery.CrimeWatchPa.com".

#### 3)  Its application to Plaintiff and 4) An understanding by the reader or listener of its defamatory meaning;

35. The subject false and defamatory statements may be one of the clearest examples of

defamation that we will see in our lives. It clearly references Plaintiff. It names Plaintiff

specifically in the article. Plaintiff is the only Nadia Metroka/Nadia Mary Metroka in the world.

There is nothing about the article that gives the impression that the statements are false or

unreliable-it is written as if the Police were witness to the alleged conduct. There is nothing in

6

said article that would give a reasonable person reason to doubt the statements as being true.  It is not in reference to anyone else and all that view it would reasonably believe based on the Police's false and defamatory representation that Plaintiff had committed the subject morally repugnant crimes.

### 5) An understanding by the reader or listener of an intent by the defendant that the statement refer to the plaintiff;

36. Again, Plaintiff is named and identified via picture in the subject article published via the Police.

### 6) special harm resulting to the plaintiff from its publication;

37. As previously stated, due to the fact that the statements fall under the umbrella of defamation per se there is no need to prove special damages because they are assumed.

### 7) Abuse of a conditionally privileged occasion.

37. The Police are abusing the conditional privilege of having confidential information in their custody and control from the arresting of a person. Domestic matters are locked and confidential by the Court system because of the highly sensitive nature associated with same. The Police violated this in a way that is similar to a doctor broadcasting HIPAA protected health information to the public. Perhaps this situation is worse because of the morally repugnant nature of the statements.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count II-Fraud-Defendant, Police

38. To establish a cause of action for fraud, a party must plead the following

7

elements: There must be: **1) a representation; 2) which is material to the transaction at hand; 3) made falsely, with knowledge of its falsity or with recklessness as to whether it is true or false; 4) with the intent of misleading another into relying on it; 5) justifiable reliance on the misrepresentation; and 6) injury resulting and proximately caused by the reliance.**" Freedom Medical Inc. v. Gillespie, 2007 WL 2480056, at *20 (E.D. Pa. 2007) (citing Gibbs v. Ernst, 647 A.2d 882 (Pa. 1994)). As such, the heightened pleading standard under Rule 9(b) applies, to which the Court now turns.4 See Guaranty Towers, LLC v. Cellco Partnership, Civil No. 1:CV-07-0554, 2007 WL 2617651, at *5 (M.D. Pa. Sept. 6, 2007) (applying Rule 9(b) to an intentional misrepresentation claim).

### 1) representation;

39. The article published to "Montgomery.CrimeWatchPa.com" on July 21, 2022 represented falsely that Plaintiff committed several morally repugnant crimes.

### 2) Which is material to the transaction at hand;

40. The Police made this representation after arresting Plaintiff and while a criminal matter was open and pending.

### 3) Made falsely, with knowledge of its falsity or with recklessness as to whether it is true or false;

41. These statements were made either knowing that same were false. Or in the alternative were made with gross recklessness as to the truth of the matter.

### 4) With the intent of misleading another into relying on it;

**42.** Upon information and belief these statements were made for the purpose of misleading people into falsely believing that Plaintiff had committed several morally repugnant crimes.

8

5) **Justifiable reliance on the misrepresentation;**

43. Upon information and belief, these statements were made by the Lower

Moreland Township Police Department, an entity tasked with managing crime. It is reasonable to

believe that a person would rely on this misrepresentation in perceiving Plaintiff's moral

character and turpitude.

**And 6) injury resulting and proximately caused by the reliance."**

44. It is reasonably foreseeable that the Police starting a sinister rumor about

Plaintiff and publishing it on their website would result in Plaintiff experiencing emotional,

physical, mental and spiritual distress.

45. But for the subject Police conduct Plaintiff would not be experiencing

emotional, physical, mental and spiritual distress.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages

in this case. Including but not limited to: emotional, mental, physical, and spiritual distress.

Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any

and all other remedies this Court deems proper and just.

**Count III-Publicity to a Private Matter-Defendant, Police and Google**
46. Pennsylvania courts have also adopted section 652D of the Restatement

(Second) of Torts that states: One who gives publicity to a matter concerning the private

life of another is subject to liability to the other for invasion of his privacy- if the matter

published is of a kind that a) would be highly offensive to a reasonable person, and

(b) is not of legitimate concern to the public. Harris, 483 A.2d at 1384. To state a cause of

action, the plaintiff must prove that the defendant (1) publicized (2) private facts 3) that

would be highly offensive to a reasonable person, and 4) are not of legitimate concern to

the public. Id.

47. The arrest on June 21, 2022 arose from a disagreement between father and daughter at private family residence. This is a domestic case. Domestic Cases are considered private and confidential in the court system due to the highly sensitive, prejudicial, and negative connotations often implied from association with same.

48. The Police published a false story on their "Crime Watchers" website in which they state that Plaintiff committed morally repugnant crimes.

49. There is absolutely no decent reason or rational for posting falsely that a person committed morally repugnant crimes.

50. A reasonable person would find the Police Officer's conduct to be unreasonable and negligent.

51. The defamatory article was posted on the worldwide web for all to view any time anyone googles Plaintiff's name.

52. Plaintiff is a solo practitioner and relies on the internet for business interactions, life interactions, and family interactions. No reasonable person would not be harmed by such horrid statements. It is Plaintiff's belief that the nature of the statements and the fact that the statements are false, makes this situation more severe and may even warrant punitive damages. For that same reason it is understood that this Court may find this cause of action inapplicable to the facts. It should be noted that the entire situation is private. The falsity of the statements regarding a private matter does not appear to matter with this statute.

53. The publicity element requires that the matter be communicated "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Kryeski v. Schott Glass Tech. Inc., 626 A.2d 595, 601

(Pa. Super. Ct. 1993)(quoting Restatement (Second) of Torts § 625E (1976)); Harris, 483 A.2d at 1384.

54. The matter was placed on the worldwide web.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count IV-Negligent Infliction of Emotional Distress

56. In order to state a cause of action for Negligent Infliction of Emotional Distress, a plaintiff must prove that **1) he or she was nearby when the accident happened; 2) His or her emotional distress is a result of observing (hearing, feeling, and/or seeing) the accident, And lastly, that the Plaintiff is closely related to the injured person.**

### 1) he or she was nearby when the accident happened

57. In this case, Plaintiff fulfills the first element by the fact that the false statements were made about her personally regarding her moral character and turpitude.

### 2) His or her emotional distress is a result of observing (hearing, feeling, and/or seeing) the accident

58. Plaintiff fulfills the second element because she is feeling the effects of the outrageous and extreme conduct of Police posting false and damaging information about her online. The information posted online is sinister and malicious.

### Plaintiff is closely related to the injured person

59. Plaintiff fulfills the last element because the information is about Plaintiff personally and Plaintiff is related to herself.

11

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count V- Intentional Infliction of Emotional Distress

60. Under Pennsylvania law, a Plaintiff pursuing a cause of action for Intentional Infliction of Emotional Distress must prove that the conduct was **1) intentional, extreme, and outrageous; 2) the conduct caused emotional distress; and 3) that distress was severe.**

**1) intentional, extreme, and outrageous;**

61. In this case, the publishing of false and damaging information about Plaintiff in the subject article on the worldwide web was/is intentional, extreme, and outrageous. The law recognizes that these types of defamatory remarks are so heinous and repugnant to society that they are considered defamation per se and come with a presumption of damage. In other words, it is not required to prove special damages.

**2) the conduct caused emotional distress;**

62. The subject conduct is outrageous and extreme. Plaintiff is deeply connected and close to her parents. The Police's conduct has caused Plaintiff to experience mental, emotional, physical, and spiritual distress. It is foreseeable that this type of conduct would cause one to experience extreme and severe distress. But for the Police's conduct, Plaintiff would not be experiencing mental, emotional, physical, and spiritual distress.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress

12

damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count VI-Negligence-Defendant, Police

63. In order to prove a cause of action for negligence a party must show that the defendant had a duty, that duty was breached, and the damages are a proximate and foreseeable result of said negligence.

64. Duty-The Police have a duty to protect and serve society. The Police have a duty to maintain the public trust by not engaging in sinister and malicious conduct.

65. The Police breached this duty by publishing false and damaging information about Plaintiff on the worldwide web for all to view.

66. It is reasonably foreseeable that the Police posting false and damaging information about a person on the worldwide web stating that a person has committed heinous crimes would cause emotional, mental, physical, and spiritual distress. As well as additional damages from the public perception of the subject false and damaging information.

67. But for Police publishing the subject false and damaging information Plaintiff would not be experiencing emotional, mental, physical, and spiritual distress.

**WHEREFORE,** Plaintiff demands monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, and any and all other remedies this Court deems proper and just. In addition to an injunction.

13

**Count VII- Negligence Per Se- Defendant Kelly Heist[3], individually and on behalf of Police**

**Violation of 18 Pa. C.S.A. Statute 9106-Negligence Per Se**

68. Pursuant to 18 Pa. C.S.A. Statute 9106, the Police are not permitted to release investigative information to the public.

69. Kelly Heist is the officer that wrote the Probable Cause Affidavit and had custody and control of the information collected from arrest. She had/has a duty to make sure that information collected from arrest is properly maintained and not released to the public.

70. Kelly Heist breached that duty upon allowing the release of confidential information.

71. It is reasonably foreseeable that the disclosure of confidential information and resulting defamatory information would cause Plaintiff severe emotional, mental, physical, and spiritual distress.

72. But for Kelly Heist's failure to properly maintain records Plaintiff would not be experiencing emotional, mental, physical, and spiritual distress.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

---

[3] It should be noted that during the arraignment for the subject arrest Officer Heist said hello to Plaintiff in a sarcastic tone (court proceedings are very serious matters, these are people's lives). She then proceeded to attempt to engage in conversation with Plaintiff (who is the defendant in this criminal matter, criminal matters can result in important constitutional rights being restricted), and then yelled at Plaintiff in open Court (while the magistrate and defendant were solving problems) demanding to know if Plaintiff was recording her. It felt unprofessional.

### Count VII- Gross Negligence as to all Defendants

73. To prove a claim for Gross Negligence a Plaintiff must allege that the conduct was so reckless and extreme that it showed a complete disregard for the life of a human. That has happened here.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count VIII-Tortious Interference of Contractual Obligation as to Defendants, Police and Google

74. In proving a cause of action for Tortious Interference of Contractual Obligation, a Plaintiff must allege the following seven factors listed in Section 767 of the Restatement (Second) of Torts used to determine improper conduct of the defendant: 1. The nature of the defendant's conduct. 2. Defendant's motive. 3. The interests of plaintiff with which defendant's conduct interferes. 4. The interests which defendant seeks to advance. 5. The social interests in balancing defendant's freedom to act against the contractual interests of plaintiff. 6. The "proximity or remoteness" of defendant's conduct relative to the interference claimed by plaintiff. 7. The relations between plaintiff and defendant.

#### 1. The nature of the defendant's conduct.

75. The Police published false and damaging information about Plaintiff on the worldwide web. Google published copyrighted material without permission re picture of Plaintiff.

15

## 2. **Defendant's motive.**

76. The motive is likely discriminatory.

### 3. **The interests of plaintiff with which defendant's conduct interferes.**

77. The subject conduct is interfering with Plaintiff's contract with her grandparents and parents. It is also interfering with Plaintiff's contract with work, and her contract with God. In addition, it puts Plaintiff's life in danger because there are people on the internet that seek to take matters into their own hands when viewing something disturbing. People could see that, think that it's true, be repulsed by it, and then organize a group of people together to "jump" the person in the street.[4]

### 4. **The interests which defendant seeks to advance**

78. The Police do not have a legal interest in publishing or assisting in publishing sinister, false, and damaging information about a person.

### 5. **The social interests in balancing defendant's freedom to act against the contractual interests of plaintiff.**

79. As a society we must be able to trust the Police force. Trusting the Police force is near impossible, if not impossible, when the Police are engaging in sinister and malicious conduct. The world is a terrifying place when we cannot trust the Police. We cannot allow for this type of conduct to become the norm in our police force.

### 6. **The "proximity or remoteness" of defendant's conduct relative to the interference claimed by plaintiff.**

80. It is reasonably foreseeable that the Police publishing and/or assisting in publishing sinister, false, and damaging information about Plaintiff on the internet would cause Plaintiff to

---

[4] Plaintiff met a young woman in the city (Philadelphia) that was jumped by an organized group of people targeting certain people. She was not robbed. She was jumped. Punched in the face by two people at once and kicked on the ground. Someone had **videotaped** it **to post the video online**. One of the kids in the video looks to be as young as 8 years old. We cannot deny how dangerous the city has become. The internet creates danger.

16

experience difficulties with contractual obligations in her life. Including but not limited to: Plaintiff's contract with her grandparents and parents; Plaintiff's contract with society as a lawyer; and Plaintiff's contract with God.

### 7. The relations between plaintiff and defendant.

81. The Police exist to protect and serve. They do not exist to spread sinister, false, and damaging information about the people they come across in the community in their capacity as police officers.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count VIV-42 U.S.C 1983- Defendants, Police and Kelly Heist, individually and acting as Agent on Behalf of Police

82. One of the applicable statutes to use when pursuing a claim against the Police for unlawful conduct is 42 U.S.C 1983. To prove a 42 U.S.C 1983 action a Plaintiff must prove the following:

**1) The conduct complained of was committed by a person acting under the color of State law; and**

83. The sinister, false, and damaging information about the Plaintiff was published to the Internet via the Police.

**2) The conduct deprived the Plaintiff of a constitutional right.**

84. The Police conduct deprived/is depriving Plaintiff of the constitutional right to privacy, the constitutional right to not be defamed, and the constitutional right to be treated lawfully by the Police. The Police may not always be willing and able to assist citizens but at the

17

very least we must demand as a society that the Police conduct themselves lawfully toward

citizens.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages

in this case. Including but not limited to: emotional, mental, physical, and spiritual distress

damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees,

and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count X- Defamation Per Se- Defendant, Google

85. "Consider this excerpt from Petitioner's brief in *New York Times Co. v. Sullivan,* a

landmark, 9-0 U.S. Supreme Court decision in favor of the New York Times, establishing the

constitutional boundaries of defamation law.

86. Under the doctrine of "libel per se" applied [by the courts] below, a public official is

entitled to recover "presumed" and punitive damages for a publication found to be critical of the

official conduct of a governmental agency under his general super-vision if a jury thinks the

publication "tends" to "injure" him "in his reputation" or to "bring" him "into public contempt"

as an official. The publisher has no defense unless he can persuade the jury that the publication is

entirely true in all its factual, material particulars. The doctrine not only dispenses with proof of

injury by the complaining official, but presumes malice and falsity as well. Such a rule of

liability works an abridgment of the freedom of the press."[5]

87. Defamation and libel laws are such that it does not matter whom or how a person or

entity has published defamatory information. Plaintiff is aware that section 30 of the

Communications Decency Act gives broad immunity to 3ʳᵈ Party platforms on the internet.

---

[5] This comes directly from the online pamphlet on motions that the State of Pennsylvania provides to parties.

Plaintiff asserts that this statute does not apply to Google because the statute refers specifically to "interactive" sites. Google is not interactive. There is no ability for anyone to refute the defamatory information and because of this Section 30 of the CDA[6] does not apply here.

88. Google is not any different from that of the yellow pages or the New York Times. In this case, we have essentially the yellow pages or New York Times republishing defamatory information about a person. Google must be held equally liable to that of Police.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count XI- Copyright and Tradmark Infringement- Defendants, Google and Police

89. In the alternative, Plaintiff's image is copyrighted and her name is pending trademark approval/trademarked. Google does not have permission to publih Plaintiff's image or her name that is pending trademark approval/trademarked . A certified copy of the copyright certificate for Plaintiff's image is being retrieved and will be provided upon receipt. The use of Plaintiff's image would be considered a derivative of the other images of Plaintiff and as a result copyright protected. The same applies for Plaintiff's name.

90. One of the exceptions to Section 30 of the Communications Decency Act is intellectual property law infringement. Google is infringing on Plaintiff's copyrighted image and her name that is pending trademark approval/trademarked.

---

[6] It should be noted that the Hague, the highest court in the world, is permitted to hear issues regarding the Communications Decency Act.

19

**WHEREFORE,** Plaintiff demands the maximum fine of $120,000, damages for emotional distress, and attorney fees for each occurrence. In addition, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just. In addition to an injunction.

### Count XII- Negligence-Defendant, Google

91. Google is a business. A reasonable business would not support copyrighted material on their site and also would not support defamatory information on their site.

92. Google has a duty to provide true information to the public and also has a duty to adhere to the laws regarding copyright and trademark infringement.

93. Google breached this duty by failing to make sure the proper protocol was in place to make sure such defamatory information and copyrighted/pending trademark approval/trademarked material is not published.

94. It is reasonably foreseeable that a company republishing copyrighted material and false and defamatory information about a person or entity would result in severe emotional, mental, physical, and spiritual distress.

95. But for Google's failure to properly censor and police their posts, Plaintiff would not be experiencing emotional, mental, physical, and spiritual distress.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just.

### Count XII-Negligence-Regarding Abington Memorial Hospital

96. Hospitals have a duty to make sure their patients receive adequate care.

97. In this case, mother was discharged from Hospital with a feeding tube placed in her stomach. Hospital created a dangerous situation and then failed to provide proper safety and follow-up.

98. It is reasonably foreseeable that Hospital's failure to provide proper safety and follow-up care would cause Plaintiff, mother's daughter, severe emotional, mental, physical, and spiritual distress.

99. But for Hospital's failure to provide proper safety and follow-up care Plaintiff would not be experiencing severe emotional, mental, physical, and spiritual distress.

**WHEREFORE**, Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just.

### Count XIV- Negligence-Defendant Capital Blue

100. Health Insurance Companies have a duty to provide coverage for medically necessary care.

101. Health Insurance Company failed to provide coverage for medically necessary care.

102. It is reasonably foreseeable that Health Insurance Company's failure to provide

medical coverage for medically necessary care would cause Plaintiff, mother's daughter, to experience emotional, mental, physical, and spiritual distress.

103. But for Health Insurance Company's failure to provide medical coverage for medically necessary care Plaintiff would not be experiencing mental, emotional, physical, and spiritual distress.

**WHEREFORE,** Plaintiff demands a trial by jury and monetary compensation for her damages in this case. Including but not limited to: emotional, mental, physical, and spiritual distress damages. Plaintiff reserves the right to compensatory damages, punitive damages, attorney fees, and any and all other remedies this Court deems proper and just.

Respectfully Submitted,

Nadia Mary Metroka Esq.
Nadia Mary Metroka Esq.
Pro Se
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (305) 906-2704

**<u>VERIFICATION</u>**

I verify that the statements made in this _Complaint_ are true and correct to the best of my knowledge, and belief.  I understand that false statements made herein are subject to the penalties of 18 PA. C.S, Subsection 4904, relating to unsworn falsification to authorities.

Date: _8/11/22_

_____
Signature



# Capital **BLUE** ✚

*Exhibit A*

17 - 2

Date;  09/23/2021

Nancy J Metroka

Re:  Nancy Metroka
Anticipated Admission Date: 09/21/2021

Member ID:

Dear Nancy Metroka:

Thank you for being a valued member of the Capital BlueCross family of companies. We received your preauthorization request for the following service. After careful review by our medical director, this request has been denied for the reason explained below. If you decide to continue with this service, you will be responsible for paying any costs for this service.

| Procedure / Service | Decision | From Date |
|---|---|---|
| Acute Inpatient Hospital Stay | Denied | 09/21/2021 |
| This determination is based on the following: You went to the hospital because you had trouble swallowing.  This could lead to dehydration. A person can stay in the hospital either as an inpatient or for observation.  The hospital asked us to cover your time in the hospital as an inpatient stay.  We have denied that request.  A person with dehydration does not usually need an inpatient stay in the hospital.  They may need an inpatient stay if they have been in observation and it is not safe for them to leave the hospital after two days. Your information does not say that it was not safe for you to leave the hospital. An inpatient stay in the hospital is not medically necessary for you at this time.  We made this decision using the section of the InterQual 2021 Acute Adult criteria called Dehydration Or Gastroenteritis. We use InterQual as our policy for hospital stays. | | |
| *Your health plan contains a list of exclusions which says, in part, that no benefits will be provided for services, supplies, or charges which fail to satisfy Capital BlueCross' medically necessary and appropriate criteria as determined by our medical director.* | | |

On 09/23/2021, we notified your provider that we denied the authorization request. If your provider would like to talk about this decision with us, they may call us at 800.471.2242. You may also request a copy of the medical necessity criteria, benefit provisions, or guidelines on which this decision was based.

Harrisburg, PA  17177 | CapitalBlueCross.com

Healthcare benefit programs issued or administered by Capital BlueCross and/or its subsidiaries, Capital Advantage Insurance Company®, Capital Advantage Assurance Company® and Keystone Health Plan® Central, independent licensees of the BlueCross BlueShield Association. Communications issued by Capital BlueCross in its capacity as administrator of programs and provider relations for all companies.



Exhibit B - Place Page for Police Report

BLANK

2022-16003-0000   8/19/2022 2:30 PM  # 13630547
Rcpt#2022-13-00548  Fee:$290.00  Complaint Civil Action
Exhibit B (Public)
MontCo Prothonotary

11:11



Comp, Exhibit C,
1 of 5

# Google

nadia metroka

All    Images    News    Videos    Maps    Shopping

https://montgomery.crimewatchpa.com ...

## METROKA, NADIA M - ATTEMPT BY MENACE and 7 additional charges

Jul 21, 2022 — The victim stated their daughter, Nadia Metroka, knocked over a glass bowl from the kitchen counter on to the floor and left the house.



The Florida Bar                    Top American Law...

Member Profile – Nadia        Nadia Metroka, Esquire –
Mary Metroka – The Florida     Top American Lawyers
Bar



AA    nadia metroka



2022-16003-0000   8/19/2022 2:30 PM # 13630573
Rcpt#2022-13-00548  Fee:$290.00  Complaint Civil Action
Exhibit C (Public)
MonlCo Prothonotary



**LOWER MORELAND
TOWNSHIP POLICE
DEPARTMENT**

**Menu**

lowermorelandpolice.org

Comp. Exhibit C
2 of 5

# METROKA, NADIA M – (1) SIMPLE ASSAULT – ATTEMPT BY MENACE AND 7 ADDITIONAL CHARGES

**JULY 21, 2022**

## ARREST DETAILS

**Arrest**      **Location**

On 6/21/2022, officers were dispatched to Walton Road for a physical domestic in progress between the caller and their 36-year-old daughter. Lower Moreland Police have been to this residence many times in 2022 for disputes between the 36-year-old daughter and her parents.

Upon arrival, police observed the caller walking

AA        tgomery.crimewatchpa.com    ↻

Comp. Exhibit C₃
3 of 5

Upon arrival, police observed the caller walking out from the bushes on the side of the residence. Their physical appearance was disheveled and appeared emotionally shaken up and flustered. The victim stated their daughter, Nadia Metroka, knocked over a glass bowl from the kitchen counter on to the floor and left the house. When Nadia came back, she was extremely irate and appeared mentally unstable, came into the kitchen and knocked everything off the counter on to the floor. Nadia then began to kick everything she had just knocked over and started shoving the victim. They both ended up falling. Nadia stood up, grabbed a music stand and advanced towards the victim. The victim was able to leave out the back door and hide on the side of the residence while calling police. Nadia had also smashed the front passenger window of the victim's truck.

Nadia Metroka was taken into custody for simple assault, criminal mischief, and harassment.

CRIMINAL CHARGES, AND ANY DISCUSSION THEREFORE, ARE MERELY ALLEGATIONS AND ALL DEFENDENTS ARE PRESUMED INNOCENT UNTIL AND UNLESS PROVEN GUILTY.

**Arrest Date:**
Tuesday, June 21, 2022 - 9:59pm
**Reference ID:**
2022-09303
**Charges:**

Comp. Exhibit C
4 of 5

**Incident Type:**

**Source:**

# OFFENDER DETAILS

**Media    General    Description**



montgomery.crimewatchpa.com

Comp Exhibit C
5 of 5

About Us
Compliance
Terms & Conditions
Privacy Policy

Contact Lower Moreland TWP PD

All site content on the CRIMEWATCH portal is
the specific and unquestionable property of
the appropriate law enforcement agency that
maintains, manages and administers content.
Content is subject to change at any time. All
suspects are presumed innocent until proven
guilty in a court of law. CRIMEWATCH
Technologies, affiliates and subsidiaries are in
no way responsible for accuracy, timeliness, or
relevancy of the information populating this
site.

English ▼    

CRIMEWATCH® and the Eye Design are registered
trademarks of CRIMEWATCH Technologies, Inc. © 2022
CRIMEWATCH Technologies, Inc.

AA    tgomery.crimewatchpa.com

# EXHIBIT 2

Case #2022-16003

| | |
|---|---|
| **Case Number** | 2022-16003 |
| **Commencement Date** | 8/19/2022 |
| **Last Filing Date** | 3/1/2023 |
| **Days Open** | 215 |
| **Case Type** | Complaint Civil Action |
| **PFA Number** | |
| **Caption Plaintiff** | METROKA, NADIA MARY |
| **Caption Defendant** | LOWER MORELAND TOWNSHIP POLICE DEPARTMENT |
| **Lis Pendens Indicator** | No |
| **Status** | 5 - OPEN/ON APPEAL |
| **Judge** | TOLLIVER |
| **Remarks** | |
| **Sealed** | No |
| **Interpreter Needed** | |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| METROKA, NADIA MARY | redacted | UNITED STATES | | Yes | 1 | |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| LOWER MORELAND TOWNSHIP POLICE DEPARTMENT | redacted | UNITED STATES | MACMAIN, DAVID J<br>CONLEY, BRIAN | Yes | 1 | |
| ABINGTON MEMORIAL HOSPITAL | redacted | UNITED STATES | TOMLINSON, A BRYAN | Yes | 2 | |
| CAPITAL BLUE | redacted | UNITED STATES | | Yes | 3 | |
| GOOGLE | redacted | UNITED STATES | | Yes | 4 | |
| HEIS, KELLY E | redacted | UNITED STATES | MACMAIN, DAVID J<br>CONLEY, BRIAN | Yes | 5 | |

## Other Party Types

| Type | Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|---|
| Petitioner | METROKA, NADIA MARY | redacted | UNITED STATES | | Yes | 1 |

## Docket Entries

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 0 | | 8/19/2022 | Complaint Civil Action | | No | 13630545 |
| 1 | E | 8/31/2022 | Entry of Appearance | OF A. BRYAN TOMLINSON, ESQUIRE FOR DEFENDANT ABINGTON MEMORIAL HOSPITAL | No | 13644310 |
| 2 | E | 8/31/2022 | Affidavit/Certificate of Service of | ENTRY OF APPEARANCE ON 08/31/2022 TO PLAINTIFF NADIA MARY METROKA | No | 13644332 |
| 3 | E | 8/31/2022 | Demand for Jury Trial by | ABINGTON MEMORIAL HOSPITAL | No | 13644338 |

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 4 | E | 8/31/2022 | Affidavit/Certificate of Service of | DEMAND FOR JURY TRIAL ON 08/31/2022 TO PLAINTIFF NADIA MARY METROKA | No | 13644343 |
| 5 | E | 9/12/2022 | Entry of Appearance | OF DAVID MACMAIN FOR LOWER MORELAND TOWNSHIP POLICE DEPTARTMENT AND OFFICER KELLY HEIST | No | 13656038 |
| 6 | E | 9/12/2022 | Entry of Appearance | OF BRIAN CONLEY FOR LOWER MORELAND TOWNSHIP POLICE DEPTARTMENT AND OFFICER KELLY HEIST | No | 13656051 |
| 7 | E | 9/12/2022 | Affidavit/Certificate of Service of | ENTRY OF APPEARANCE ON 09/12/2022 TO NADIA METROKA | No | 13656064 |
| 8 | E | 9/12/2022 | Entry of Appearance | OF DAVID MACMAIN FOR LOWER MORELAND TOWNSHIP POLICE DEPTARTMENT AND OFFICER KELLY HEIST | No | 13656067 |
| 9 | E | 9/12/2022 | Affidavit/Certificate of Service of | ENTRY OF APPEARANCE ON 09/12/2022 TO NADIA METROKA | No | 13656081 |
| 10 | E | 9/21/2022 | Preliminary Objections of | KELLY E HEIS; LOWER MORELAND TOWNSHIP POLICE DEPARTMENT WITH SERVICE ON 9/21/2022 | No | 13668189 |
| 11 | E | 9/21/2022 | Notice | NOTICE OF INTENTION OF DEFENDANT ABINGTON MEMORIAL HOSPITAL TO ENTER JUDGMENT OF NON PROS FOR FAILURE TO FILE CERTIFICATES OF MERIT | No | 13668927 |
| 12 | E | 9/21/2022 | Affidavit/Certificate of Service of | NOTICE OF INTENTION TO ENTER JUDGMENT OF NON PROS ON 09/21/2022 TO NADIA MARY METROKA, ESQUIRE | No | 13668930 |
| 13 | E | 10/6/2022 | Motion | BY NADIA MARY METROKA MOTION TO STRIKE DEFENDANTS' POLICE AND KELLY E. HEIST OBJECTION | No | 13686789 |
| 14 | E | 10/6/2022 | Motion | BY NADIA MARY METROKA MOTION REQUESTING AN ORDER TO SHOW CAUSE | No | 13686802 |
| 15 | E | 10/6/2022 | Motion | BY NADIA MARY METROKA MOTION TO PRESERVE THE EVIDENCE | No | 13686805 |
| 16 | | 10/10/2022 | Rule | DATE ON NOVEMBER 7, 2022 KEHS CA | No | 13689292 |
| 17 | | 10/10/2022 | Rule | DATE ON NOVEMBER 7, 2022 KEHS CA | No | 13689311 |
| 18 | E | 10/14/2022 | Amended Pleading | REQUEST FOR LEAVE TO AMEND | No | 13696592 |
| 20 | E | 10/18/2022 | Motion | BY NADIA MARY METROKA MOTION REQUESTING AN INJUNCTION | No | 13699394 |
| 21 | E | 10/20/2022 | Reply | BY KELLY E HEIS; LOWER MORELAND TOWNSHIP POLICE DEPARTMENT TO IN OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT WITH SERVICE ON 10/20/2022 | No | 13702564 |
| 22 | E | 10/20/2022 | Reply | BY KELLY E HEIS; LOWER MORELAND TOWNSHIP POLICE DEPARTMENT TO RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR EMERGENCY INJUNCTION WITH SERVICE ON 10/20/2022 | No | 13702584 |
| 23 | | 10/20/2022 | Notice of Scheduling | | No | 13703298 |
| 24 | E | 10/20/2022 | Motion | BY NADIA MARY METROKA RESPONSE AND REQUEST FOR SWORN AFFIDAVIT | No | 13703321 |
| 25 | | 10/24/2022 | Rule | DATE ON NOVEMBER 21, 2022 KEHS, CA | No | 13705585 |
| 26 | | 10/24/2022 | Order - Other | OF 10/24/22 MOORE,SJ TO BE RELISTED BY COURT ADMIN CC RULE 236 NOTICE PROVIDED ON 10/24/2022 | No | 13705988 |
| 27 | E | 10/24/2022 | Reply | BY KELLY E HEIS; LOWER MORELAND TOWNSHIP POLICE DEPARTMENT TO IN OPPOSITION TO PLAINTIFF'S MOTION FOR A SWORN AFFADAVIT WITH SERVICE ON 10/24/2022 | No | 13706157 |
| 28 | | 10/24/2022 | Notice of Scheduling | | No | 13706809 |
| 29 | E | 11/3/2022 | Answer/Response | BY DEFENDANT ABINGTON MEMORIAL HOSPITAL TO PLAINTIFF'S RESPONSE TO DEFENDANT'S ASSERTION THAT A LETTER OF INTENT TO SUE IS REQUIRED WITH MEMORANDUM OF LAW | No | 13718972 |

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 30 | E | 11/3/2022 | Affidavit/Certificate of Service of | DF RESPONSE TO PL RESPONSE TO DF AMH ASSERTION THAT A LETTER OF INTENT TO SUE IS REQUIRED ON 11/3/2022 TO NADIA MARY METROKA, ESQUIRE AND DAVID J. MACMAIN, ESQUIRE | No | 13718993 |
| 31 | | 11/3/2022 | Order - Other | OF 11/3/22 SMYTH,SJ TO BE RELISTED BY COURT ADMIN UPON APPLICATION CC RULE 236 NOTICE PROVIDED ON 11/03/2022 | No | 13719701 |
| 32 | | 11/9/2022 | Notice of Hearing Returned | | No | 13724301 |
| 33 | E | 11/12/2022 | Request for Admissions by | NADIA MARY METROKA | No | 13728367 |
| 34 | | 11/14/2022 | Notice of Scheduling | | No | 13728670 |
| 35 | | 11/14/2022 | Notice of Continuance | | No | 13728671 |
| 36 | | 11/15/2022 | Notice of Scheduling | | No | 13730984 |
| 37 | | 11/15/2022 | Returned Copy | | No | 13730836 |
| 38 | | 11/16/2022 | Order - Other | (SUR PLTF'S MOTION TO STRIKE OBJECTIONS) OF 11/15/22 SMYTH,SJ STRICKEN WITHOUT PREJUDICE CC RULE 236 NOTICE PROVIDED ON 11/16/2022 | No | 13732746 |
| 39 | E | 11/16/2022 | Order - Other | OF 11/16/22 TOLLIVER,J PLTF'S MOTION DENIED WITH PREJUDICE CC RULE 236 NOTICE PROVIDED ON 11/16/2022 | No | 13733173 |
| 40 | | 11/17/2022 | Order - Other | (CIVIL CASE MANAGEMENT) OF 11/15/22 KEHS,CA FACT DISCOVERY TO BE COMPLETED WITHIN 18 MONTHS RULE 236 NOTICE PROVIDED ON 11/17/2022 | No | 13734178 |
| 41 | | 11/17/2022 | Notice of Hearing Returned | | No | 13734455 |
| 42 | | 11/21/2022 | Returned Copy | | No | 13737480 |
| 43 | E | 11/23/2022 | Brief | BY IN SUPPORT OF PRELIMINARY OBJECTIONS WITH SERVICE ON 11/23/2022 | No | 13742111 |
| 44 | E | 11/23/2022 | Praec for Argument | MATTER IS APPEALABLE - PRELIMINARY OBJECTIONS OF DEFENDANTS LOWER MORELAND TWP. PD AND OFC. KELLY HEIST | No | 13742122 |
| 45 | E | 11/23/2022 | Order - Other | OF 11/23/22 TOLLIVER,J LOWER MORELAND TOWNSHIP POLICE PRELIMINARY OBJECTIONS ARE SUSTAINED CC RULE 236 NOTICE PROVIDED ON 11/23/2022 | No | 13742292 |
| 46 | E | 11/28/2022 | Motion | BY NADIA MARY METROKA SUPPLEMENT TO MOTION REQUESTING EMERGENCY INJUNCTION WITH SERVICE ON 11/28/2022 | No | 13744083 |
| 47 | E | 11/28/2022 | Motion | BY NADIA MARY METROKA MOTION FOR RECONSIDERATION | No | 13745160 |
| 48 | | 11/29/2022 | Order - Other | OF 11/29/22 MOORE,SJ MATTER IS DENIED CC RULE 236 NOTICE PROVIDED ON 11/29/2022 | No | 13745520 |
| 49 | | 11/29/2022 | Notice of Hearing Returned | | No | 13745628 |
| 50 | | 11/29/2022 | Returned Copy | | No | 13745678 |
| 51 | | 11/29/2022 | Returned Copy | | No | 13745644 |
| 52 | | 11/29/2022 | Returned Copy | | No | 13745850 |
| 53 | E | 11/30/2022 | Motion | BY NADIA MARY METROKA REQUEST FOR RECONSIDERATION | No | 13747722 |
| 54 | | 12/1/2022 | Order - Other | OF 11/30/22 MOORE,SJ PLTF'S MOTION IS DENIED CC RULE 236 NOTICE PROVIDED ON 12/01/2022 | No | 13749322 |
| 55 | | 12/6/2022 | Returned Copy | | No | 13754591 |
| 56 | E | 12/7/2022 | Order - Scheduling | OF 12/7/22 TOLLIVER,J ARGUMENT SCHEDULED FOR 12/19/22 CC RULE 236 NOTICE PROVIDED ON 12/07/2022 | No | 13756740 |

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|------|---|-------------|-------------|-------------|--------|-----------|
| 57 | E | 12/7/2022 | Order - Other | OF 12/7/22 TOLLIVER,J PLTF'S MOTION IS DENIED CC RULE 236 NOTICE PROVIDED ON 12/07/2022 | No | 13756742 |
| 58 | E | 12/7/2022 | Order - Other | OF 12/7/22 TOLLIVER,J PLTF'S MOTION IS DENIED CC RULE 236 NOTICE PROVIDED ON 12/07/2022 | No | 13757052 |
| 59 | E | 12/7/2022 | Affidavit/Certificate of Service of | CERTIFICATE OF SERVICE ON 12/7/2022 TO NADIA MARY METROKA, ESQUIRE AND DAVID J. MACMAIN, ESQUIRE | No | 13757263 |
| 60 | E | 12/14/2022 | Reply | BY KELLY E HEIS; LOWER MORELAND TOWNSHIP POLICE DEPARTMENT TO IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION WITH SERVICE ON 12/14/2022 | No | 13765072 |
| 61 | E | 12/19/2022 | Order - Other | OF 12/19/22 TOLLIVER,J ARGUMENT CANCELLED CC RULE 236 NOTICE PROVIDED ON 12/19/2022 | No | 13769184 |
| 62 | E | 12/28/2022 | Partial Judgment Non Pros Pursuant to Rule 1042.7 | AGAINST NADIA MARY METROKA; NADIA MARY METROKA AND IN FAVOR OF ABINGTON MEMORIAL HOSPITAL. NOTICE 236 SENT ON 12-28-2022 | No | 13778482 |
| 63 | E | 12/29/2022 | Affidavit/Certificate of Service of | DEFENDANT ABINGTON MEMORIAL HOSPITAL'S PRAECIPE FOR ENTRY OF JUDGMENT OF NON PROS PURSUANT TO RULE 1042.7 ON 12/29/2022 TO NADIA MARY METROKA, ESQUIRE AND DAVID J. MACMAIN, ESQUIRE | No | 13778717 |
| 64 | E | 12/29/2022 | Notice of Appeal and Service of Notice to | COMMONWEALTH COURT FROM THE ORDER OF 11/29/2022 | No | 13779797 |
| 65 | | 1/17/2023 | Returned Copy | | No | 13796220 |
| 66 | E | 2/16/2023 | Testimony Taken Before | SENIOR JUDGE MOORE ON 11/28/2022 | No | 13834740 |
| 67 | | 2/21/2023 | Exhibits to Testimony | TAKEN BEFORE SENIOR JUDGE MOORE ON 11/28/2022 | No | 13837278 |
| 68 | E | 2/27/2023 | Opinion | OF 2/27/23 MOORE,SJ RULE 236 NOTICE PROVIDED ON 02/27/2023 | No | 13848492 |
| 69 | | 3/1/2023 | Service List/Record Documents | 1512 CD 2022 | No | 13851634 |

# EXHIBIT 3

Case# 2022-16003-45 Docketed at Montgomery County Prothonotary on 11/23/2022 1:43 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION

NADIA MARY METROKA     :  NO. 2022-16003

  V.           :  *Docket #10*

LOWER MORELAND TOWNSHIP  :
POLICE DEPARTMENT, *et al.*

## O R D E R

**AND NOW**, this 23rd day of November, 2022, upon consideration of the Preliminary

Objections filed by Defendants Kelly E. Heist and Lower Moreland Township Police Department

(filed on September 21, 2022 at Docket #10), and any answers thereto, it is hereby **ORDERED**

and **DECREED** as follows:

  1. Defendant Lower Moreland Township Police Department's Preliminary Objections are

**SUSTAINED**; accordingly, all alleged State Law Claims against the Lower Moreland Township

Police Department are **DISMISSED** – Counts I – VIII (including VII Negligence Per Se and VII

(a) [sic] Gross Negligence). Furthermore, Count XI as to the Lower Moreland Township Police

Department is **DISMISSED**.

  2. Defendant Kelly E. Heist's Preliminary Objections are **SUSTAINED** as to Counts IV,

V, VII (Negligence Per Se), VII(a) [sic] (Gross Negligence). [1]

  3. Defendants Lower Moreland Township Police Department and Kelly E. Heist's

Preliminary Objections in the nature of a demurrer to Count IX are **SUSTAINED**, without

---

[1] These are the only State Law Claims in which Heist is specifically named.

Case# 2022-16003-45 Docketed at Montgomery County Prothonotary on 11/23/2022 1:43 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

prejudice to amend this count to more specifically plead the manner in which Plaintiff was

treated unlawfully.

BY THE COURT:

STEVEN C. TOLLIVER, SR.,          J.

**This Order has been E-Filed on     11/23/2022**
Copies via **Prothonotary** to:
All Parties of Record
Copies via **Chambers** to:
Court Administration -- Civil Division

Judicial Secretary

# EXHIBIT 4

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 10/18/2022 1:46 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

NADIA MARY METROKA

vs.

LOWER MORELAND TOWNSHIP POLICE DEPARTMENT

NO. 2022-16003

## **COVER SHEET OF MOVING PARTY**

Date of Filing <u>October 18  2022</u>

Moving Party <u>NADIA MARY METROKA</u>

Counsel for Moving Party

Document Filed (Specify) <u>MOTION REQUESTING INJUNCTION</u>

Matter is: _ (Appealable)                          _ (Interlocutory)

Discovery Needed: _ (Yes)                          _ (No)

If applicable, Civil Case Management Order Discovery Deadline: _____

-------------------------------------------------------------------------------------------------

**CERTIFICATIONS -** Check **ONLY** if appropriate:
_ Counsel certify that they have conferred in a good faith effort to resolve the subject
    <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all
    parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

By: _____
                  Counsel for Moving Party

-------------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE -** Check **ONE** of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief
requested by filing an **answer** in the form of a **written response** at the **Office of the  Prothonotary** on or
before the                          day of                                20____.

_____ Respondent is directed to show cause, in the form of a **written response**, why the
attached Family Court Discovery Motion is not entitled to the relief requested.  Rule    Returnable and
Argument the               day of                          , 20____
at **1:00 p.m.**  at **321 Swede Street, Norristown, PA**.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania
Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____
                  Court Administrator

Revised 06.19

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 10/18/2022 1:46 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Nadia Mary Metroka                                         Civil Court
    (Pro Se)                                      Jury Trial Demanded
                                                  Case no: 2022 16003-0000
    Plaintiff,

Lower Moreland Township Police Department,
Kelly E. Heist, individually, and as officer/agent for
Lower Moreland Township Police Department,
Google, Abington Memorial Hospital, Capital Blue,

    **Defendants.**
_____/

### REQUEST FOR EMERGENCY INJUNCTION

Plaintiff provides this request for an injunction against the Lower Moreland Township Police

and their counsel David MacMain and as grounds provides the following:

1.  On September 26, 2022, Plaintiff sent a letter via certified mail to Mr. MacMain

demanding he make his clients take down the false and defamatory information published to the

worldwide web. (Exhibit A).

2.  The defamatory article is still on the worldwide web. (Exhibit B).

3.  Mr. Macmain has not provided his email address.

4.  Mr. Macmain only provided a number to call, a number that goes to his assistant.

5.  Plaintiff has not heard from Mr. Macmain and is unable to send him e-mails because his

office will not give out his email.

6.  Mr.Macmain is neither responsive nor cooperative and apparently not available in this

case to resolve disputes without the Court's assistance.

7.  The defamatory article is still on the worldwide web. Every day that it is on the web,

Plaintiff is harmed. In addition to and not limited to previous harm referenced and future harm

1

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 10/18/2022 1:46 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

not yet referenced, Plaintiff is a solo practitioner and right now is trying to advertise her law firm on the worldwide web.  Consider how the subject conduct is causing harm to Plaintiff in this regard.

8.  Plaintiff is accustomed to communicating with opposing counsel in cases to work together toward resolving issues without the need to waste precious judicial resources by seeking assistance from the Court. In this case, Plaintiff has no other options than to request this Court's assistance in issuing an order enjoining the Lower Moreland Township Police and their counsel from continuing this harmful and unlawful conduct.

9.  As provided, this is rather time sensitive given the harm will continue unlawfully and damages will accrue for as long as the Police refuse to remove the publication from the worldwide web.

WHEREFORE, Plaintiff requests an emergency injunction enjoining the Lower Moreland Township Police department and their counsel from continuing to publish the defamatory article to the worldwide web.

Respectfully Submitted,

_Nadia Mary Metroka Esq._
Nadia Mary Metroka Esq.
Pro Se
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (305) 906-2704

2

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 10/18/2022 1:46 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# *Nadia Mary Metroka*

110 East Broward Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (305) 906-2704

*From the Personal Desk of Nadia Mary Metroka Esq*

September 26, 2022

Certhfid Mail w/ Return Receipt # 7022-0410-0000-7171 3186

Attn: Mr. David MacMain Esq.
MacMain Leinhauser
433 W. Market Street
Suite 200
West Chester, PA 19382
Telephone: (484) 318-7106
Facsimile: (484) 328-3996

RE: Nadia Mary Metroka v. Lower Moreland Township Police et. al.

## PRIVILEGED AND CONFIDENTIAL COMMUNICATION

Dear Mr. McMain,

I am writing to inform you that it has been brought to my attention that after you filed your notice of appearance there were additional defamatory posts made on the internet by your client, the Lower Moreland Township Police Department and Kelly E. Heist.

As a lawyer you know or should know that you are not permitted to allow your clients to engage in unlawful conduct. A reasonable person would likely conclude that you are encouraging your clients' unlawful conduct.

See the Pennsylvania Rule of Ethics Preamble that provides:

1. A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including

1

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 10/18/2022 1:46 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

2. As a public citizen, a lawyer should seek improvement of the law, access to the legal system, the administration of justice and the quality of service rendered by the legal profession. As a member of a learned profession, a lawyer should cultivate knowledge of the law beyond its use for clients, employ that knowledge in reform of the law and work to strengthen legal education. In addition, a lawyer should further the public's understanding of and confidence in the rule of law and the justice system because legal institutions in a constitutional democracy depend on popular participation and support to maintain their authority. A lawyer should be mindful of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance. Therefore, all lawyers should devote professional time and resources and use civic influence to ensure equal access to our system of justice for all those who because of economic or social barriers cannot afford or secure adequate legal counsel. A lawyer should aid the legal profession in pursuing these objectives and should help the bar regulate itself in the public interest.

Should you fail to take the proper action you will find yourself added to the lawsuit as a defendant.

Consider how yours and your clients' conduct is affecting my mother whose health is already compromised. Consider further what this case could become should you continue to allow your clients to engage in reckless disregard of the law.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

Nadia Mary Metroka Esq.

Case# 2022-16003-20 Docketed at Montgomery County Prothonotary on 04/18/2022 1:46 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

https://www.google.com/search?q=nadia+metroka&oq=nadia+metroka&aqs=chrome..69i57j0i22i30l2j69i61.2

All     Images    News    ▶ Videos    Shopping    ⋮ More    Tools

About 2,420 results (0.46 seconds)

https://montgomery.crimewatchpa.com › arrests › metrok...    ⋮

# METROKA, NADIA M - (1) SIMPLE ASSAULT

Il 21, 2022 — **Nadia Metroka** was taken into custody for simple assault, criminal mischief, and harassment. CRIMINAL CHARGES, AND ANY DISCUSSION THEREFORE, ARE ...

## ▢ Images for nadia metroka    ⋮

lawyer    attorney    miami dade    defendant    plaintiff    ⌄

    

Feedback

View all →

https://www.floridabar.org › directories › find-mbr › pr...    ⋮

# Member Profile – Nadia Mary Metroka - The Florida Bar

**Nadia** Mary **Metroka**. Bar Number: 114435. Mail Address: Medusa Law Group, pllc 110 Broward Blvd Ste 1700. Fort Lauderdale, FL 33301-3500. You've visited this page many times. Last visit: 5/8/22



# EXHIBIT 5

**Commonwealth Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  1512 CD 2022**

**Page 1 of 3**

**March 22, 2023**

| CAPTION |
|---|

Nadia Mary Metroka,
Appellant
                          v.
Lower Moreland Township Police
Department, Kelly E. Heist,
individually, and as officer/agent
for Lower Moreland Township
Police Department, Google,
Abington Memorial Hospital,
Capital Blue

| CASE INFORMATION |
|---|

| | | |
|---|---|---|
| Initiating Document: | Notice of Appeal | |
| Case Status: | Active | |
| Case Processing Status: | February 28, 2023 | Awaiting Paperbooks |
| Journal Number: | | |
| Case Category: | Civil | Case Type(s): Tort |

| CONSOLIDATED CASES | RELATED CASES |
|---|---|

| COUNSEL INFORMATION |
|---|

**Appellant**      **Metroka, Nadia Mary**
Pro Se:              Yes
IFP Status:
          Pro Se:           Nadia Mary Metroka
          Address:         110 E. Borward Blvd Suite 1700
                                Fort. Lauderdale, FL 33301
          Phone No:      (305) 906-2704                    Fax No:

**Appellee**      **Lower Moreland Township Police Department**
Pro Se:              No
IFP Status:
          Attorney:        MacMain, David James
          Law Firm:       MacMain Leinhauser PC
          Address:         433 W Market St Ste 200
                                West Chester, PA 19382
          Phone No:      (484) 318-7703                    Fax No:

          Attorney:        Conley, Brian Christopher
          Law Firm:       MacMain Leinhauser PC
          Address:         433 W Market St Ste 200
                                West Chester, PA 19382
          Phone No:      (484) 667-7745                    Fax No:

**Commonwealth Docket Sheet**

**Docket Number:  1512 CD 2022**

**Page 2 of 3**

**March 22, 2023**



**Commonwealth Court of Pennsylvania**

| COUNSEL INFORMATION |
|---|

**Appellee**      **Heist, Kelly**
Pro Se:                    No
IFP Status:

|  |  |  |  |
|---|---|---|---|
| Attorney: | MacMain, David James | | |
| Law Firm: | MacMain Leinhauser PC | | |
| Address: | 433 W Market St Ste 200 | | |
| | West Chester, PA 19382 | | |
| Phone No: | (484) 318-7703 | Fax No: | |

|  |  |  |  |
|---|---|---|---|
| Attorney: | Conley, Brian Christopher | | |
| Law Firm: | MacMain Leinhauser PC | | |
| Address: | 433 W Market St Ste 200 | | |
| | West Chester, PA 19382 | | |
| Phone No: | (484) 667-7745 | Fax No: | |

**Appellee**      **Abington Memorial Hospital**
Pro Se:                    No
IFP Status:

|  |  |  |  |
|---|---|---|---|
| Attorney: | Tomlinson, Albert Bryan | | |
| Law Firm: | Post & Schell, P.C. | | |
| Address: | Post & Schell Pc | | |
| | 1600 Jfk Blvd 4 Penn Ctr | | |
| | Philadelphia, PA 19103 | | |
| Phone No: | (215) 587-1017 | Fax No: | |

| AGENCY/TRIAL COURT INFORMATION |
|---|

| | | | |
|---|---|---|---|
| Order Appealed From: | November 29, 2022 | Notice of Appeal Filed: | December 29, 2022 |
| Order Type: | Lower Court Order | | |
| Documents Received: | January 19, 2023 | | |

| | | | |
|---|---|---|---|
| Court Below: | Montgomery County Court of Common Pleas | | |
| County: | Montgomery | Division: | Montgomery County Civil Division |
| Judge: | Moore, Bernard A. | OTN: | |
| Docket Number: | 2022-16003-0000 | Judicial District: | 38 |

| ORIGINAL RECORD CONTENT |
|---|

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Trial Court Record | February 28, 2023 | |
| Testimony | February 28, 2023 | |
| Exhibit(s) | February 28, 2023 | |
| Trial Court Opinion | February 28, 2023 | |

**Date of Remand of Record:**

| BRIEFING SCHEDULE |
|---|

| | |
|---|---|
| None | None |

| DOCKET ENTRY |
|---|

| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
|---|---|---|---|---|
| **December 29, 2022** | Notice of Appeal Filed | | | |
| | Metroka, Nadia Mary | | Appellant | |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Commonwealth Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  1512 CD 2022**

**Page 3 of 3**

**March 22, 2023**



| DOCKET ENTRY | | | | |
|---|---|---|---|---|
| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
| **February 28, 2023** | Trial Court Record Received<br>Montgomery County Civil Division | | | |
| **February 28, 2023** | Transcripts of Testimony<br>Montgomery County Civil Division | | | |
| **February 28, 2023** | Trial Court Exhibits<br>Montgomery County Civil Division | | | |
| **February 28, 2023** | Trial Court Opinion Received<br>Montgomery County Civil Division | | | |
| **March 8, 2023** | Defect Correction Notice<br>Commonwealth Court Filing Office | | | 03/08/2023 |

Document Name: DEFECT: Filing fee or App. for IFP, proof of service, identify party/atty., service on ct. reporter,

Comment: lower ct. dkt. entries, request for transcript

# EXHIBIT 6

Case# 2022-16003-64 Docketed at Montgomery County Prothonotary on 12/29/2022 11:52 PM, Fee = $51.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA

Nadia Mary Metroka                                      Civil Court
    (Pro Se)                                         Jury Trial Demanded
                                                        2022-16003-0000
    Plaintiff,

Lower Moreland Township Police Department,
Kelly E. Heist, individually, and as officer/agent for Lower
Moreland Township Police Department,                    1512 CD 2022
Google, Abington Memorial Hospital, Capital Blue,

    **Defendants.**
_____/

<u>NOTICE OF APPEAL</u>
    Notice is given that Plaintiff appeals to the Commonwealth Court of Pennsylvania
from the order entered on November 29, 2022 by Judge Bernard Moore. And reflected in
the docket entry.



Case# 2022-16003-64 Docketed at Montgomery County Prothonotary on 12/29/2022 11:52 PM, Fee = $51.25. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

  I CERTIFY that on December 29, 2022 the foregoing Notice of Appeal was served on all interested parties:

David MacMain Esq.
Brian Conley Esq.
433 West Market Street
Suite 200
West Chester, Pa 19382

Bryan Tomlinson Esq.
Four Penn Center
1600 John F. Kennedy Blvd.
13th Floor
Philadelphia, Pa 19103-2808

Judge Bernard Moore
Montgomery County Court of Common Pleas Courthouse
2 East Airy Street
Norristown, Pa 19401

Manner of Service: E-filing system, Certified Mail w/ Return Receipt, and Electronic Mail

X_____

Date: 12/29/22

# EXHIBIT 7

Case# 2022-16003-68 Docketed at Montgomery County Prothonotary on 02/27/2023 3:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA**
**CIVIL ACTION –LAW**

| | | |
|---|---|---|
| Nadia Mary Metroka | : | Commonwealth Ct. No. 1512 CD 2022 |
| Plaintiff | : | |
| | : | Comm. Pl. Ct. No. 2022-16003 |
| v. | : | |
| | : | |
| Lower Moreland Township Police Department, et al. | : | |
| | : | |
| Defendants | : | |

## OPINION

**MOORE, SJ**                                                 **February 27, 2023**

### I.      FACTS AND PROCEDURAL HISTORY

This appeal has been taken by Nadia Metroka (hereinafter "Plaintiff") from this Court's order of November 29, 2022, denying the Plaintiff's Motion for Preliminary Injunction. The Plaintiff filed her appeal on December 29, 2022. This Court's decision was proper and should be affirmed.

The Plaintiff commenced this action by filing a Complaint on August 19, 2022 against the Lower Moreland Township Police Department, Officer Heist, Abington Memorial Hospital, Capital Blue and Google (Collectively, "Defendants"). The Plaintiff's Complaint arises from a domestic incident involving her parents, which resulted in Lower Moreland Police Officers, including Defendant Heist, arresting Plaintiff on several charges, including simple assault, harassment, and criminal mischief.

There was a 911 call placed on June 21, 2022. The Plaintiff's father, called seeking police intervention due to a domestic incident between him and the Plaintiff. When Officer Heist arrived on the scene the Plaintiff's father came out from behind the bushes on the side of his house. He was in disarray and he stated that the Plaintiff was still in the house and he wanted her

1

Case# 2022-16003-68 Docketed at Montgomery County Prothonotary on 02/27/2023 3:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

out. The Plaintiff's father was concerned for her well-being due to how she was acting that night. The Plaintiff's father stated the Plaintiff knocked over a glass bowl from the kitchen counter onto the floor and left the house. When the Plaintiff returned to the house she was extremely irate and appeared mentally unstable. The plaintiff came into the kitchen and knocked everything off the counter and onto the floor. The two had tripped over each other after a little pushing and shoving ensued due to them trying to get back up off the floor. Once the Plaintiff got up off the floor she grabbed an iron musical stand and stood over him. The Plaintiff's father then was able to leave through the back door and wait for the police to arrive.

The Plaintiff's father also told Officer Heist the Plaintiff broke the passenger side window of his car. When the Officer entered the house she noticed pots, pans, and vases all over the floor and chairs flipped all over the floor. The Plaintiff was then arrested. Following the arrest Officer Heist submitted her report. On July 21, 2022, Crime Watch then created their own report of the domestic incident which was published to their website.

The Plaintiff filed her Motion for Preliminary Injunction on November 18, 2022. A hearing was held on November 28, 2022, and then this Court denied the Plaintiff's Motion on November 29, 2022. The Plaintiff then appealed on December 29, 2022.

## II.    DISCUSSION

The issue in this proceeding is whether this Court correctly denied the Plaintiff's Motion for Preliminary Injunction on November 29, 2022. The Plaintiff appealed this Courts order on December 29, 2022. Preliminary injunctive relief is an extraordinary remedy that is only granted in the most compelling cases.

To obtain a preliminary injunction, a party must show (1) that it is likely to prevail on the merits; (2) that the injunction is necessary to prevent immediate and irreparable harm that cannot

Case# 2022-16003-68 Docketed at Montgomery County Prothonotary on 02/27/2023 3:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

be adequately compensated by damages; (3) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; (4) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (5) that the injunction it seeks is reasonably suited to abate the offending activity; and (6) that a preliminary injunction will not adversely affect the public interest. See *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 662 (Pa. Super. 2005), *citing Warehime v. Warehime*, 860 A.2d 41, (Pa. 2004).

The Plaintiff is not eligible for Preliminary Injunction relief without an underlying equity complaint. The Defendants Lower Moreland Township Police Department and Officer Heist filed Preliminary Objections to the Plaintiff's Complaint on September 21, 2022. Those Preliminary Objections were sustained on November 23, 2022. All claims against the Lower Moreland Township Police Department and Heist were dismissed, including the defamation claim. With Plaintiff's claim being dismissed the Plaintiff cannot obtain an injunction.

It is well settled that a police department, is not a proper defendant in a civil suit. Pennsylvania Rule of Civil Procedure 2102(b) provides that "[a]n action shall be brought by or against a political subdivision in its name." Pa.R.C.P. No. 2102(b). A political subdivision is defined as "any county, city, borough, incorporated town, township, school district, vocational school district, county institution district or municipal or other local authority." Pa.R.C.P. No. 76. A police department is not a political subdivision, but rather a sub-unit thereof. *Monastra v. Del. County Sheriff's Office*, 49 A.3d 556, 558 (Pa. Cmwlth. 2012) (dismissing all claims against a police department because it was not a proper party) (*citing Johnson v. City of Erie*, 834

3

Case# 2022-16003-68 Docketed at Montgomery County Prothonotary on 02/27/2023 3:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

F.Supp. 873, 878-79 (W.D.Pa. 1993)). As the Department is not a political subdivision, it is not a proper party.

In order to grant a Preliminary Injunction the activity it seeks to restrain must be actionable, where a right to relief is clear. *Iron Age Corp. v. Dvorak*, 880 A.2d 657, 662 (Pa. Super. 2005). Even if the Court determined the Department was a proper Defendant all of the claims raised by the Plaintiff were properly dismissed because the Department and Officer Heist are immune according to Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541. In this proceeding there is no clear right to relief. As a result there is not right to relief. Also, the injunction the Plaintiff is seeking is not reasonably suited to abate the offending activity. The Defendants, the Lower Moreland Police Department and Officer Heist are not the party responsible for the alleged harm. The Plaintiff testified about a website, known as Crime Watch, which published a report about her arrest, and how that has damaged her public image. The issue with that is they are not a named Defendant in this matter.

Furthermore, if the Court granted the Preliminary Injunction it will adversely affect the public interest. The public has an interest in knowing about criminal activity in the community. That is why press releases and police blotter information is public information, and that is not to be protected or suppressed. It is presented to the public in Pennsylvania, the Criminal History Record Information Act, specifically provide that those types of information, police blotters and press releases regarding criminal complaints and criminal incidents are public information. This shows that the public has an interest in this information.

The standard of review for a trial court's decision to issue or deny a preliminary injunction is as follows:

> "on an appeal from the grant or denial of a preliminary injunction, [the appellate court will] not inquire into the merits of the controversy, but only examine the record to

4

Case# 2022-16003-68 Docketed at Montgomery County Prothonotary on 02/27/2023 3:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

determine if there were *any apparently reasonable grounds* for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will [the appellate court] interfere with the decision of the trial court."

*Jarl Investments, L.P. v. Fleck*, 937 A.2d 1113, 1125 (Pa. Super. Ct. 2007) quoting *Summit Towne Centre, Inc. v. Shoe Shoiv of Rocky Mount, Inc.*, 573 Pa. 637, 646, 828 A.2d 995, 1000 (2003) (quoting *Roberts v. Board of Dirs. of Sch. Dist.*, 341 A.2d 475, 478 (1975)).

Accordingly, this Court properly denied the Plaintiff's Motion for Preliminary Injunction and the appeal should be denied.

## III.    CONCLUSION

This Court properly denied the Plaintiff's Motion for a Preliminary Injunction. Accordingly, this Court Order should be **AFFIRMED.**

BY THE COURT:

*Bernard A. Moore*

**BERNARD A. MOORE, S. J.**

# EXHIBIT 8

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004359-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Nadia Mary Metroka

Page 1 of 5

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Ferman, Risa Vetri | Date Filed: 08/18/2022    Initiation Date: 06/21/2022 |
| OTN: R 310392-5          LOTN: | Originating Docket No: MJ-38208-CR-0000198-2022 |
| Initial Issuing Authority: Jay S. Friedenberg | Final Issuing Authority: Jay S. Friedenberg |
| Arresting Agency: Lower Moreland Twp Police Dept | Arresting Officer: Heist, Kelly |
| Complaint/Citation No.: 22-114 | Incident Number: 22-114 |
| County: Montgomery | Township: Lower Moreland Township |
| Case Local Number Type(s) | Case Local Number(s) |
|    Booking Center Location Code | LMO |

## STATUS INFORMATION

| Case Status: | Active | Status Date | Processing Status | Arrest Date: | 06/21/2022 |
|---|---|---|---|---|---|
| | | 03/17/2023 | Awaiting Call of the Trial List | | |
| | | 10/31/2022 | Awaiting Pre-Trial Conference | | |
| | | 10/28/2022 | Awaiting Pre-Trial Conference | | |
| | | 08/19/2022 | Awaiting Formal Arraignment | | |
| | | 08/18/2022 | Awaiting Formal Arraignment | | |
| | | 08/18/2022 | Awaiting Filing of Information | | |
| | | | | Complaint Date: | 06/22/2022 |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 09/21/2022 | 1:30 pm | Video Room #2 | | Scheduled |
| Formal Arraignment | 10/24/2022 | 11:00 am | Courtroom 13 | Senior Judge Joseph A. Smyth | Scheduled |
| Pre-Trial Conference | 03/17/2023 | 9:00 am | Courtroom F | Judge Risa Vetri Ferman | Scheduled |

## DEFENDANT INFORMATION

| | | |
|---|---|---|
| Date Of Birth: | 06/15/1986 | City/State/Zip: Fort Lauderdale, FL 33301 |

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Metroka, Nadia Mary |

## BAIL INFORMATION

**Metroka, Nadia Mary**                                                            **Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 06/22/2022 | Unsecured | Magisterial District Court | | $5,000.00 |

| Surety Type | Surety Name | Posting Status | Posting Date | Security Type | Security Amt |
|---|---|---|---|---|---|
| Self | Metroka, Nadia Mary | Posted | 06/22/2022 | Bond Signature | $0.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004359-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Nadia Mary Metroka

Page 2 of 5

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 2 | M3 | **18 § 3304 §§ A1** | Crim Misch/Dmg Prop Intent, Reckless, Or Neglig | 06/21/2022 | R 310392-5 |
| 2 | 3 | S | **18 § 2709 §§ A1** | Harassment - Subject Other to Physical Contact | 06/21/2022 | R 310392-5 |
| 99,999 | 1 | M2 | **18 § 2701 §§ A3** | Simple Assault | 06/21/2022 | R 310392-5 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | | Disposition Date | Final Disposition |
|------------|--|------------------|-------------------|
| Sequence/Description | | Offense Disposition | Grade    Section |
| Sentencing Judge | | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | | |

| | | | | |
|--|--|--|--|--|
| **Held for Court (Lower Court)** | Defendant Was Present | | | |
| Lower Court Disposition | | 08/08/2022 | Not Final | |
| 1 / Crim Misch/Dmg Prop Intent, Reckless, Or Neglig | | Held for Court (Lower Court) | M3 | 18 § 3304 §§ A1 |
| 2 / Harassment - Subject Other to Physical Contact | | Held for Court (Lower Court) | S | 18 § 2709 §§ A1 |
| 99,999 / Simple Assault | | Dismissed (Lower Court) | M2 | 18 § 2701 §§ A3 |
| **Proceed to Court** | Defendant Was Not Present | | | |
| Information Filed | | 10/13/2022 | Not Final | |
| 1 / Crim Misch/Dmg Prop Intent, Reckless, Or Neglig | | Proceed to Court | M3 | 18 § 3304 §§ A1 |
| 2 / Harassment - Subject Other to Physical Contact | | Proceed to Court | S | 18 § 2709 §§ A1 |
| 99,999 / Simple Assault | | Disposed at Lower Court | M2 | 18 § 2701 §§ A3 |

Printed: 03/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004359-2022**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Nadia Mary Metroka

Page 3 of 5

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| <u>Name:</u>   Scott Frank Frame | <u>Name:</u> |
|          District Attorney | |
| <u>Supreme Court No:</u>     316027 | <u>Supreme Court No:</u> |
| <u>Phone Number(s):</u> | <u>Rep. Status:</u> |
|          610-278-3918       (Phone) | <u>Phone Number(s):</u> |
| <u>Address:</u> | |
|          Montgomery Co Da's Office | |
|          Po Box 311 | |
|          Norristown, PA  19404 | |
| | |
| <u>Name:</u>     Montgomery County District Attorney's | |
|          Office - Criminal Division | |
|          District Attorney | |
| <u>Supreme Court No:</u> | |
| <u>Phone Number(s):</u> | |
|          610-278-3090       (Phone) | |
| <u>Address:</u> | |
|          Montgomery County Courthouse | |
|          PO Box 311 | |
|          Norristown, PA  19404 | |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 06/22/2022 | | Metroka, Nadia Mary |
| Bail Posted - Metroka, Nadia Mary | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 08/19/2022 | eService | | Served |
| 2 | 06/22/2022 | | Zaffarano, Patricia Ann |
| Bail Set - Metroka, Nadia Mary | | | |
| 1 | 08/18/2022 | | Court of Common Pleas - Montgomery County |
| Original Papers Received from Lower Court | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 08/19/2022 | eService | | Served |

CPCMS 9082

Printed:  03/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004359-2022**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Nadia Mary Metroka

Page 4 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 09/28/2022 | | Montgomery County Court Administration |
| Hearing Notice | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 09/28/2022 | eService | | Served |
| 1 | 10/13/2022 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 10/17/2022 | eService | | Served |
| 1 | 10/28/2022 | | Metroka, Nadia Mary |
| Change of Address | | | |
| 2 | 10/28/2022 | 10/27/2022 | Metroka, Nadia Mary |
| Waiver of Appearance at Arraignment | | | |
| Frame, Scott Frank | | | |
| 10/28/2022 | eService | | Served |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 10/28/2022 | eService | | Served |
| 1 | 12/01/2022 | 11/22/2022 | Court of Common Pleas - Montgomery County |
| Bill of Costs Filed | | | |
| Frame, Scott Frank | | | |
| 12/01/2022 | eService | | Served |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 12/01/2022 | eService | | Served |
| 2 | 02/21/2023 | | Montgomery County Court Administration |
| Hearing Notice | | | |
| Frame, Scott Frank | | | |
| 02/21/2023 | eService | | Served |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004359-2022**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Nadia Mary Metroka

Page 5 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

Montgomery County District Attorney's
Office - Criminal Division
| 02/21/2023 | eService | | Served |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| 1 | 03/17/2023 | 03/17/2023 | Ferman, Risa Vetri |
| | Pre-Trial Conference Order | | |

Frame, Scott Frank
| 03/17/2023 | eService | | Served |

Montgomery County District Attorney's
Office - Criminal Division
| 03/17/2023 | eService | | Served |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                    Total of Last Payment:

| **Metroka, Nadia Mary** | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| Defendant | | | | | |
| **Costs/Fees** | | | | | |
| County Lab Fees (Montgomery) | $247.00 | $0.00 | $0.00 | $0.00 | $247.00 |
| Costs/Fees Totals: | $247.00 | $0.00 | $0.00 | $0.00 | $247.00 |
| Grand Totals: | $247.00 | $0.00 | $0.00 | $0.00 | $247.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

**CERTIFICATE OF SERVICE**

I, Brian C. Conley, Esquire, hereby certify that on this 23rd day of March 2023, the

foregoing was filed electronically and served upon the following via electronic filing or USPS

regular mail:

Nadia Mary Metroka
110 East Broward Boulevard
Suite 1700
Fort Lauderdale, FL 33301
*Pro se Plaintiff*
(VIA regular mail)

Ryan James
Tucker Arsenberg, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
*Attorney for Defendant Google LLC*
(VIA ECF)

**MACMAIN LEINHAUSER PC**

Dated: <u>March 23, 2023</u>        By:    */s/ Brian C. Conley*_____
David J. MacMain
Brian C. Conley
Attorney I.D. Nos. 59320 / 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants Lower Moreland*
*Township Police Department and Officer*
*Kelly Heist*

17