**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NADIA MARY METROKA,** : | |
| **Plaintiff,** : | |
| **v.** : | **Civil Action No. 23-601** |
| : | |
| **PENNSYLVANIA STATE LAW** : | |
| **ENFORCEMENT,** *et al.,* : | |
| **Defendants.** : | |

# O R D E R

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion of Defendant Montgomery County to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED. Plaintiff's Amended Complaint (ECF Doc. #12) is DISMISSED WITH PREJUDICE as to the Defendant Montgomery County.

BY THE COURT:

_____
U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NADIA MARY METROKA,** : | |
| **Plaintiff,** : | |
| **v.** : | **Civil Action No. 23-601** |
| : | |
| **PENNSYLVANIA STATE LAW** : | |
| **ENFORCEMENT,** *et al.,* : | |
| **Defendants.** : | |

**MOTION OF DEFENDANT MONTGOMERY COUNTY**
**TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Montgomery County ("County"), through its undersigned counsel, hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for the dismissal with prejudice of Plaintiff's amended complaint (ECF Doc. #12). In support of this motion, the County incorporates herein by reference the arguments and authorities of the accompanying memorandum of law.

Respectfully submitted,
MONTGOMERY COUNTY SOLICITOR'S OFFICE

*/s/ Philip W. Newcomer*
Philip W. Newcomer, Esquire
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Attorney for Defendant,
Montgomery County

Dated:  April 5, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **NADIA MARY METROKA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 23-601** |
| | : | |
| **PENNSYLVANIA STATE LAW** | : | |
| **ENFORCEMENT, *et al.*,** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION OF DEFENDANT MONTGOMERY COUNTY**
**TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I.    OVERVIEW OF THE ACTION

*Pro se* plaintiff Nadia Mary Metroka ("Plaintiff") commenced this action on February 15, 2023 with the filing of a request for emergency injunction, but she did not notify Defendant Montgomery County ("County") of the filing of this action until she made service of the summons and complaint upon the County on April 4, 2023.  The County now files this timely motion to dismiss Plaintiff's amended complaint (ECF Doc. #12)[1], pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's action stems from her June 21, 2022 arrest by the Lower Moreland Township Police Department and the subsequent posting of information concerning her arrest on the website "CrimeWatch."[2]  Exhibit A, ¶¶ 14-17.  No employee or official of the County is alleged to have arrested Plaintiff.  No employee or official of the County is alleged to have shared Plaintiff's arrest information with the website "CrimeWatch."  No employee or official of the County is alleged to

_____

[1] A copy of Plaintiff's amended complaint is attached as Exhibit A.

[2] The CrimeWatch post at issue is not attached to the amended complaint.  It can be found at ECF Doc. #1-4, pgs. 2-6 of 94.

operate, maintain or control the website "CrimeWatch."  Nevertheless, Plaintiff has named the County as a defendant to this action.

Without differentiating between the action's five named defendants, Plaintiff alleges in purely conclusory fashion that "defendants published alleged details pertaining to Petitioner's arrest (also known as investigative information) to the worldwide web."  Exhibit A, ¶ 17.  Plaintiff goes on to allege that she "has taken several measures to put the defendants on notice that their conduct is unlawful and despite her efforts, the defendants have persisted in their conduct."  *Id*. With respect to the County, the "notice" referenced in the amended complaint took the form of a January 23, 2023 demand letter to the Montgomery County Commissioners, which threatened the filing of a lawsuit "if you do not force the Police to take down the subject website within ten (10) days after receiving this letter."  Jan. 23, 2023 Letter to County Commissioners (Exhibit B).  In response, the undersigned counsel advised Plaintiff: (1) that the website at issue is not owned, maintained or controlled by the County, (2) that the information posted on the website concerning Plaintiff's June 21, 2022 arrest did not originate from the County, (3) that the information was not provided to the website by the County, and (4) that the County had no lawful authority to "force the Police to take down the subject website" as Plaintiff demanded.  Jan. 25, 2023 Letter to Plaintiff (Exhibit C).[3]  Significantly, Plaintiff's amended complaint contains no allegations of fact which contradict the facts set forth in the County's response to Plaintiff's demand letter.

---

[3] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis omitted).  Because the amended complaint references Plaintiff's "notice" to defendants of her allegations of wrongdoing and the defendants' reaction thereto without attaching those documents, Exhibits B and C may be considered without converting this motion into one for summary judgment.

While Plaintiff is proceeding *pro se*, she is a licensed attorney in the State of Florida. Plaintiff alleges that she is "a permanent resident of Florida," and her amended complaint invokes both this Court's diversity jurisdiction and its federal question jurisdiction.  Exhibit A at ¶¶ 5, 7. The amended complaint alleges that the events at issue took place within Montgomery County, making venue proper in this district.  *Id*. at ¶¶ 8, 16.  The amended complaint names five defendants:  The Pennsylvania State Law Enforcement Agency, the County, the Lower Moreland Township Police Department ("LMTPD"), Lower Moreland Police Officer Kelly E. Heist ("Officer Heist") and Google.

The amended complaint purports to present claims both under Pennsylvania state law and under federal law, setting forth fourteen separate counts as follows:

- Count I – Defamation (against LMTPD);
- Count II – Fraud (against LMTPD);
- Count III – Publicity as to a Private Matter (against LMTPD & Google);
- Count IV – Negligent Infliction of Emotional Distress (against LMPD & Google);
- Count V – Intentional Infliction of Emotional Distress (against LMPD & Google);
- Count VI – Negligence (against LMTPD);
- Count VII – Negligence Per Se (against Officer Heist & LMTPD);
- Count VIII – Gross Negligence (against all defendants);
- Count IX[4] – Tortious Interference with Contractual Obligations (against LMTPD & Google);
- Count X – Violation of 42 U.S.C. § 1983 (against LMPD & Officer Heist);
- Count XI – Violation of Pennsylvania's Criminal History Records Information Act ("CHRIA") 10 Pa. C.S. § 9106 (against Google);
- Count XII – Defamation Per Se (against Google);
- Count XIII – Copyright and Trademark Infringement (against Google & LMTPD); and
- Count XIV – Negligence (against Google).

It thus appears that the lone count addressed to the County is Count VIII – a claim under Pennsylvania state law for "gross negligence" against all defendants.  Count VIII consists of one paragraph, reading as follows:

---

[4] The amended complaint mislabels Count IX as "Count VIV."

3

79.    To prove a claim for Gross Negligence a Plaintiff must allege that the conduct was so reckless and extreme that it showed a complete disregard for the life of a human.  That has happened here.

Exhibit A, ¶ 79.

As explained below, Plaintiff's amended complaint fails to set forth sufficient facts to state a plausible claim against the County.  Moreover, Plaintiff's claim for "gross negligence" is barred as a matter of law by the County's immunity under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*. ("PSTCA").  Therefore, any further amendment of the claim would be futile.  The amended complaint should be dismissed with prejudice as to the County.

## II.    ARGUMENT

### A.    Plaintiff's Amended Complaint Fails To State A Plausible Claim Against The County

The Supreme Court clarified the standard of review for a Rule 12(b)(6) motion in the much-discussed case of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  *Twombly* teaches that dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555-56 (citations omitted).  To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*. at 555.  A plaintiff must have "nudged [his] claim across the line from conceivable to plausible, or [his] complaint must be dismissed."  *Id.* at 570.

The Supreme Court's subsequent opinion in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), establishes that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts.  After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Analyzing *Twombly* and *Iqbal*, the Third Circuit has offered the following analysis of the process to be undertaken in deciding a motion to dismiss:

> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Id.*  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  *Id.* at 1950.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 234-35.  As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' '  *Iqbal*, 129 S. Ct. at 1949.  This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

In the present case, when one disregards the amended complaint's legal conclusions and considers only the well-pleaded facts, it is obvious that the amended complaint fails to demonstrate a plausible claim against the County.  Montgomery County is listed as a defendant in the amended

complaint's caption, and paragraph 2 describes the County as being "located in Montgomery County, Pennsylvania." Exhibit A at pg. 1. The events giving rise to this action are alleged to have "occurred in Montgomery County, Pennsylvania." *Id.* at ¶¶ 8, 16. Besides those passing references, the County is not mentioned by name again in the amended complaint. The amended complaint does not make any allegations of particular conduct or supposed wrongdoing on the part of any employee or official of the County. In sum, the amended complaint is completely devoid of factual allegations to demonstrate the existence of a plausible claim for relief against the County. Under *Iqbal* and *Twombly*, the amended complaint should be dismissed as to the County.

Even case law that pre-dates *Iqbal* and *Twombly* argues for the County's dismissal. In *Tosta v. Hooks*, 568 F. Supp. 616 (E.D. Pa. 1983), a *pro se* plaintiff filed a sprawl complaint that named numerous public officials and others as defendants. Thirteen defendants were named in the complaint's caption despite the lack of any factual allegations concerning their conduct in the body of the complaint. The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), and the *Tosta* court promptly dismissed the complaint as to those 13 defendants. The *Tosta* court "recognized that *pro se* complaints are to be held to less stringent standards than pleadings drafted by lawyers. However, absent any allegations of specific conduct by the defendants listed in the caption of the complaint, a terse reference to a 'conspiracy' adds nothing[.]" 568 F. Supp. at 620 (citations and internal quotations omitted). The holding in *Tosta* is equally applicable here. A complaint, such as this one, that names a defendant without making any allegations of conduct on the defendant's part fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).

### B.     Plaintiff's Claim For Gross Negligence Is Barred As A Matter Of Law By The County's PSTCA Immunity

The amended complaint's claim against the County for gross negligence (Count VIII) not only should be dismissed, but it should be dismissed with prejudice.  The claim is barred as a matter of law by the County's immunity under the PSTCA.[5]

In order to maintain a claim for gross negligence against the County, it is Plaintiff's burden to plead and then prove facts demonstrating that the claim falls within one of the nine narrow exceptions to PSTCA immunity.  *Steiner by Steiner v. City of Pittsburgh*, 509 A.2d 1368, 1370 (Pa. Cmwlth. 1986) ("burden of proof faced by [plaintiff-]appellants" includes proving "that their injuries were caused by the negligent acts of the agency or its employees acting within the scope of their duties with respect to one of the categories of waiver").  Those nine exceptions are for the following:

> (1)  operation of a vehicle,
> (2)  injury caused to personal property in a bailment situation,
> (3)  injury caused by conditions of or on real property,
> (4)  dangerous conditions of trees, traffic controls and street lights,
> (5)  dangerous conditions of utility service facilities,
> (6)  dangerous conditions of streets,
> (7)  dangerous conditions of sidewalks,
> (8)  the care, custody or control of animals, and
> (9)  sexual abuse.

42 Pa. C.S. § 8542(b)(1)-(9).   "Because of the clear intent [underlying the PSTCA] to insulate government from exposure to tort liability", the Supreme Court of Pennsylvania repeatedly has held that "exceptions carved out by the Legislature from this general rule [of immunity] are <u>strictly</u>

---

[5] The County is a "local agency" protected by PSTCA immunity.  *See* 42 Pa. C.S. § 8501 (defining "local agency" as a "government unit other than the Commonwealth government"); *Simko v. County of Allegheny*, 869 A.2d 571, 573 (Pa. Cmwlth. 2005) ("a county is not a Commonwealth party protected by sovereign immunity, but rather is a local agency to which governmental immunity [under the PSTCA] applies").

construed." *Kiley by Kiley v. City of* Philadelphia, 645 A.2d 184, 185-86 (Pa. 1994) (emphasis added; citing *Love v. City of* Philadelphia, 543 A.2d 531 (Pa. 1988) and *Snyder v.* Harmon, 562 A.2d 307 (Pa. 1989)).

In the present case, there is no exception to PSTCA immunity for the negligent publication of words that harm another. *Malia v. Monchak*, 543 A.2d 184, 188 (Pa. Cmwlth. 1988) ("[n]egligent publication of a defamatory statement does not fall within these exceptions" to PSTCA immunity); *Thorpe v. Danby*, 143, 448 A.2d 676, 678 (Pa. Cmwlth. 1982) ("[i]t is clear … that the activity of which they complain—the publication of the October 15, 1979, letter—is not an act within any of the eight categories enumerated in 42 Pa. C.S. § 8542(b)"). Moreover, the fact that the amended complaint alleges "gross negligence" makes no difference in the Court's PSTCA analysis. Whether Plaintiff is alleging simple negligence or gross negligence here, the claim still must fall within an exception to PSTCA immunity to be viable. *Gonzalez v. City of Bethlehem*, No. 93-1445, 1993 WL 276977, at *3 (E.D. Pa. July 13, 1993) ("the plaintiff's claims of negligence and gross negligence do not fall within the delineated exceptions to municipal immunity, outlined in § 8542(b)(1)–(8), and the City of Bethlehem is therefore immune from suit").

The sole count of the amended complaint directed to the County – Count VIII – alleges a claim for gross negligence that does not fall within the scope of any one of the nine narrowly-construed exceptions to the County's PSTCA immunity. Consequently, the amended complaint fails to state a claim against the County as a matter of law. The County should be dismissed from this action with prejudice.

### III.   <u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Montgomery County asks that its motion to dismiss Plaintiff's amended complaint be granted and that the County be dismissed with prejudice as a party-defendant to this action.

Respectfully submitted,
MONTGOMERY COUNTY SOLICITOR'S OFFICE

<u>*/s/ Philip W. Newcomer*</u>
Philip W. Newcomer, Esquire
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Attorney for Defendant,
Montgomery County

Dated:  April 5, 2023

## CERTIFICATE OF SERVICE

I, Philip W. Newcomer, hereby certify that the Motion to Dismiss Plaintiff's Amended

Complaint was uploaded to the Court's ECF System on April 5, 2023 and served electronically on

that date via ECF notification upon the following *pro se* litigant and counsel of record:

Nadia Mary Metroka, Esq.
110 East Broward Blvd.
Suite 1700
Fort Lauderdale, FL 33301
*nadiametroka@gmail.com*

David J. MacMain, Esq.
Brian Conley, Esq.
MacMain Leinhauser PC
433 W. Market Street
Suite 200
West Chester, PA 19382
*dmacmain@macmainlaw.com*

Avishai Don, Esq.
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas
40th Floor
New York, NY 10019
*adon@wsgr.com*

Ryan James, Esq.
Tucker Arensberg, P.C.
One PPG Place, Suite 1500
Pittsburgh, PA 15222
*rjames@tuckerlaw.com*

/s/ Philip W. Newcomer
Philip W. Newcomer, Esquire