IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NADIA MARY METROKA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-601 |
| | : | |
| PENNSYLVANIA STATE LAW | : | |
| ENFORCEMENT, et al. | : | |

## <u>MEMORANDUM</u>

**Chief Judge Juan R. Sánchez**                                    **April 7, 2023**

Plaintiff Nadia Mary Metroka brings this lawsuit under 42 U.S.C. § 1983 and Pennsylvania state law against Defendants Pennsylvania State Law Enforcement, Montgomery County, Lower Moreland Township Police Department, Officer Kelly E. Heist, and Google. In the fourteen-count complaint, Metroka seeks damages and injunctive relief from defendants for posting investigative information to crimewatchpa.com. The Lower Moreland Township Police Department (hereinafter "Police Department") and Officer Heist filed a motion to dismiss, arguing this case is barred by the doctrine of res judicata. Because Metroka already litigated identical claims against the Police Department and Officer Heist in the Montgomery County Court of Common Pleas, res judicata applies and the motion to dismiss will be granted with prejudice.

## BACKGROUND

On June 21, 2022, Metroka and her father "had a disagreement" and he called 9-1-1. Compl. ¶ 7, ECF No. 12.[1] Metroka knocked over a glass bowl, shoved her father, and advanced towards him with a music stand after he fell. *Metroka, Nadia M. Arrest*, LOWER MORELAND TWP. POLICE DEP'T (July 26, 2022), https://montgomery.crimewatchpa.com/lowermorelandpd/6381/

---

[1] Note there are two sentences labeled "¶ 7" in the Complaint. This pin cite refers to the second, located between ¶ 12 and ¶ 15.

arrests/metroka-nadia-m-1-simple-assault-attempt-menace-and-7-additional-charges.[2]    Metroka also smashed the front passenger window of her father's truck. *Id.* The police arrested Metroka, and she was charged with simple assault, criminal mischief, and harassment. *Id.* In July 2022, information regarding the incident and subsequent charges were posted to the Montgomery County Crimewatch website. *Id*; *see also* Compl. ¶¶ 17, 45, ECF No. 12.

Since then Metroka has sought to have the post removed. Compl. ¶ 20, ECF No. 12. To this end, she filed suit in the Montgomery County Court of Common Pleas against the Police Department, Officer Heist, Google, Abington Memorial Hospital, and Capital Blue (the "state court lawsuit"). *Id*; *see also* Br. Supp. Defs.' Mot. Dismiss 2, ECF No. 15; Defs.' Mot. Dismiss Ex. 1 (Ct. C.P. Compl. 1), ECF No. 15 at 22.[3] The state court complaint asserted claims for defamation, fraud, publicity to a public matter, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, negligence per se, gross negligence, tortious interference with contractual relationships, defamation per se, copyright and trademark infringement, and a 42 U.S.C. § 1983 claim for violation of the right to privacy, right to "not be defamed," and right "to be treated lawfully by the police." Mot. Dismiss Ex. 1 (Ct. C.P. Compl. 6-21), ECF No. 15 at 27-42. The Police Department and Officer Heist filed preliminary objections to the complaint, asserting (1) the Police Department was not a proper defendant, (2) they had immunity to the state law claims under the Pennsylvania Political Subdivision Tort Claims Act; (3) Metroka failed to state any claim upon which relief could be granted; and (4) the § 1983 claims did not assert any constitutionally protected rights. *See generally* Prelim. Objs., ECF No. 27.

---

[2] Though not included in the case record, this source is a public record which the Court may properly consider. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

[3] Hereinafter, the Defendants' Motion to Dismiss will be cited to in short form as "Mot. Dismiss."

On November 23, 2022, the Court of Common Pleas sustained the preliminary objections and dismissed the state law claims against the Police Department and Officer Heist. Mot. Dismiss Ex. 3 (Ct. C.P. Order ¶¶ 1-2), ECF No. 15 at 58. The court also dismissed the § 1983 claims without prejudice to amendment. *Id.* ¶ 3, ECF No. 15 at 58-9. Metroka did not file an amended complaint or appeal the decision.[4] *See* Mot. Dismiss Ex. 2 (Ct. C.P. Docket), ECF No. 15 at 52-6.

On February 15, 2023, Metroka filed suit in this Court, and she has since filed numerous "requests" for injunctive relief and an amended complaint.  *See* Req. Emergency Inj., ECF No. 1. On March 23, 2023, the Police Department and Officer Heist filed this motion to dismiss. Metroka responded with a motion to strike the motion to dismiss, as well as a second motion to strike, which is more properly construed as a motion to disqualify opposing counsel. The Court denied both motions on April 4, 2023.

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly,* 550 U.S. at 556). In evaluating a Rule 12(b)(6)

---

[4] Note, Metroka did appeal the court's decision to deny her motion for injunctive relief. Mot. Dismiss Ex. 2 (Ct. C.P. Docket No. 64), ECF No. 15 at 56. The denial was affirmed.  Mot. Dismiss Ex. 7 (Ct. C.P. Op.), ECF No. 15 at 74-9. Metroka then appealed that decision only to the Commonwealth Court of Pennsylvania. Mot. Dismiss Ex. 6 (Notice of Appeal), ECF No. 15 at 71-3. As of April 3, 2023, the appellate case was still pending. *See Metroka v. Lower Moreland Twp. Police Dep't et al.*, Commw. Ct. No. 1512 CD 2022.

motion, a district court must separate the legal and factual matter elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft*, 556 U.S. at 679). Finally, the Court must construe pro se filings liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**DISCUSSION**

Metroka's complaint in this case asserts claims against the Police Department for defamation, fraud, publicity to a private matter, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, gross negligence, tortious interference with contractual obligation, copyright and trademark infringement, and a § 1983 claim for violation of the right to privacy, right to not be defamed, and right to be treated lawfully by the police. Compl. 5, 7-8, 10-12, 14-15, 17, 20, ECF No. 12. The complaint also asserts claims against Officer Heist for negligence per se, gross negligence, and § 1983 violations. *Id.* at 13-14, 17. In their motion to dismiss, the Police Department and Officer Heist argue this suit is barred by res judicata because the Court of Common Pleas issued a final judgment on the merits of these claims. Br. Supp. Defs.' Mot. Dismiss 5, ECF No. 15. The Court agrees. Accordingly, the motion to dismiss will be granted with prejudice.

Under the doctrine of res judicata, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986). Res judicata:

> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims

which could have been litigated during the first proceeding if they were part of the same cause of action.

*Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (italics in original) (citation omitted). Pennsylvania state law applies this doctrine when "the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (1974)).

Res judicata applies to this case. As to the first factor, the thing sued upon or for, Metroka seeks the same relief – removal of the crimewatchpa.com post. Second, the cause of action is also the same – Metroka filed an identical set of claims against the Police Department and Officer Heist. And as to the third and fourth factors, the parties to the action and the capacity of the parties to sue or be sued, the Police Department and Officer Heist are parties to both cases, and their capacity to sue or be sued is not an issue. Though the remaining defendants differ, this difference will not preclude application of res judicata to the claims against the Police Department and Officer Heist.[5]
*See, e.g.*, *Massullo v. Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C.*, Civ. A. No. 98-116, 1999 WL 313830 (E.D. Pa. May 17, 1999) ("*Res judicata* will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding[.]'" (quoting *Helmig v. Rockwell Manufacturing Co.*, 131 A.2d 622, 629 (Pa. 1957))).

In addition to the above criteria, application of res judicata requires that the state court issue a "final, valid judgment on the merits." *Balent*, 669 A.2d at 313. A judgment on the merits "is one

_____

[5] The additional defendants in the Court of Common Pleas were Google, Abington Memorial Hospital, and Capital Blue. The additional defendants in this case are Google, Pennsylvania State Law Enforcement, and Montgomery County.

that actually pass[es] directly on the substance of [a particular] claim before the court." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2017) (alterations in original) (internal quotation marks and citation omitted). The Court of Common Pleas issued different judgments on the state law claims and the § 1983 claims, so each ruling is considered in turn.

The Court of Common Pleas sustained defendants' preliminary objections to Metroka's state law claims and dismissed them with prejudice. Mot. Dismiss Ex. 3 (Ct. C.P. Order ¶¶ 1-2), ECF No. 15 at 58. Metroka did not appeal this order. *See* Mot. Dismiss Ex. 2 (Ct. C.P. Docket), ECF No. 15 at 52-6. Under Pennsylvania law, a "[d]ismissal of an action for failure to state a claim is a final judgment on the merits." *Brown v. Cooney*, 442 A.2d 324, 326 (Pa. Super. Ct. 1982). Accordingly, the state court record shows there was a "final, valid judgment on the merits" of Metroka's state law claims against the Police Department and Officer Heist, and these claims are barred.

The Court of Common Pleas also sustained defendants' preliminary objections to the § 1983 claims, but these were dismissed without prejudice to amendment. Mot. Dismiss Ex. 3 (Ct. C.P. Order ¶ 3), ECF No. 15 at 58-9. Metroka, however, did not file an amended complaint and did not appeal this decision. *See* Mot. Dismiss Ex. 2 (Ct. C.P. Docket), ECF No. 15 at 52-6. Her lack of action rendered the order final, and thus res judicata also applies to the § 1983 claims.[6] *Balent*, 669 A.2d at 313 ("*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding[.]); *see also, e.g.*, *Love v. Temple Univ.*, 220 A.2d 838, 840 (Pa. 1966) ("It is clear beyond question that Judge Kelley Dismissed [sic] the complaint against Temple; such action rendered definitive and final the order

---

[6] Metroka argues res judicata does not bar the § 1983 claims under *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). Pl.'s Mot. Strike and Objs., second ¶ 8, ECF No. 20. Metroka's citation to *Moitie*, however, is an inaccurate statement of law and so does not support her position.

. . . Love could and should have taken an appeal from the previous order: the failure to do so renders the doctrine of Res judicata applicable[.]).

Because the Montgomery County Court of Common Pleas issued a final, valid judgment on the merits of all of the claims brought here against the Police Department and Officer Heist, the doctrine of res judicata bars this action against them. The motion to dismiss will therefore be granted with prejudice.

An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.