IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NADIA MARY METROKA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-601 |
| | : | |
| PENNSYLVANIA STATE LAW ENFORCEMENT, et al. | : | |
| | : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                                  **June 1, 2023**

Pro se Plaintiff Nadia Mary Metroka brings this suit under Pennsylvania state law against Defendant Google, LLC in relation to an internet post about an arrest in June 2022. Google filed a motion to dismiss, and Metroka filed a motion seeking leave to file an amended complaint. Because Google has immunity against the asserted claims under the Communications Decency Act, the Court will deny Metroka leave to amend and dismiss the suit against Google with prejudice.

**BACKGROUND**

On June 21, 2022, Plaintiff Nadia Mary Metroka was arrested by officers of the Lower Moreland Township Police Department in Montgomery County, Pennsylvania. Compl. ¶¶ 3, 15-16, ECF No. 12. Information about the arrest was published on the Montgomery County Crimewatch website, and it was "picked up by GOOGLE's search engine, which indexed and made the information available to the public worldwide." First Am. Compl. ¶¶ 12-13, ECF No. 45-1. Since then, Metroka has sought to have the Crimewatch post removed. Compl. ¶ 20, ECF No. 12. To that end, Metroka filed this lawsuit on February 15, 2023. Req. Emergency Inj., ECF No. 1. Metroka's claims against two other Defendants – the Lower Moreland Township Police

1

Department and Officer Kelly Heist – have already been dismissed with prejudice. Order, Apr. 7, 2023, ECF No. 33. The Court now considers Metroka's case against Defendant Google, LLC.

Metroka's Complaint asserts nine causes of action against Google for various torts and copyright and trademark infringement. *See* Compl. ¶¶ 52-69, 79-87, 91-106, ECF No. 12. On April 10, 2023, Google filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 35; *see also* Def. Google LLC's Mem. Law Supp. Mot. Dismiss, ECF No. 36. On April 30, 2023, Metroka filed a motion seeking leave to file an amended complaint. ECF No. 45. The proposed First Amended Complaint voluntarily dismisses most of Metroka's original claims against Google so as "to streamline the claims and focus on the strongest legal arguments." Mot. Leave File Am. Compl. ¶ 8, ECF No. 45. Metroka now seeks to assert one new claim against Google, violation of Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. § 9101 *et seq.*, and to replead two claims, publicity to a private matter and defamation. First Am. Compl. ¶¶ 32-53, ECF No. 45-1. Google opposes amendment and asks the Court to dismiss the suit. Def. Google LLC's Mem. Law Opp'n Pl.'s Mot. Leave File Am. Compl. 1, ECF No. 50. Both motions are ripe for review.

**DISCUSSION**

Turning first to Google's Motion to Dismiss the initial Complaint, the Court will grant this Motion as unopposed. Metroka initially filed a response opposing the motion, *see* ECF No. 41, but she then "voluntarily eliminated" most of the claims in the initial Complaint. Mot. Leave File Am. Compl. ¶ 8, ECF No. 45. Because she abandoned those claims, the Motion will be granted. The Court now turns to Metroka's requested amendment.

Metroka moves to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] Google asks the Court to deny leave to amend, arguing it would be futile because (1) Google has immunity under Section 230 of the Communications Decency Act, and (2) even absent immunity, Metroka's proposed First Amended Complaint would not survive a motion to dismiss. Def. Google LLC's Mem. Law Opp'n Pl.'s Mot. Leave File Am. Compl. 1, ECF No. 50. A party may amend a pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend is within "the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). A district court may deny leave to amend when there is undue delay, bad faith, dilatory motive, futility, or prejudice. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* In considering futility, a district court applies the same legal standard as to a motion to dismiss under Rule 12(b)(6). *Id.*

Accepting all factual allegations as true and construing the pleadings in the light most favorable to Metroka, *see Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010), the Court holds that Google has immunity from her suit. Under the Communications Decency Act, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any

---

[1] Note, Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course within: . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. Pro. 15(a)(1)(B). Googled filed its Motion to Dismiss on April 10, 2023, and Metroka requested leave to amend on April 30, 2023, twenty days later. It is unclear, however, if Metroka had already amended the complaint, as asserted by Google. Def. Google LLC's Mem. Law Opp'n Pl.'s Mot. Leave File Am. Compl. 1, ECF No. 50. Her initial filing on February 15, 2023 was titled "Request for Emergency Injunction . . .". ECF No. 1. She then filed a Complaint on March 16, 2023, which the docket indicates was filed in error. ECF No. 10. The Complaint was refiled on March 17, 2023. ECF No. 12. Because the Parties both construed the Motion under Rule 15(a)(2), and because it would not impact the result, the Court will rule on the Motion under (a)(2).

information provided by another information content provider." 47 U.S.C. § 230(c)(1). Moreover, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). In other words, the Communications Decency Act provides immunity for interactive computer service providers against liability for content created by third parties. Immunity under Section 230 "requires three elements: (1) defendant must be a provider or user of an 'interactive computer service;' (2) the asserted claims must treat defendant as a publisher or speaker of information; and (3) the challenged communication must be 'information provided by another information content provider.'" *Kabbaj v. Google, Inc.*, Civ. No. 13-1522, 2014 WL 1369864, at *2 (D. Del. Apr. 7, 2014) (quoting 47 U.S.C. § 230(c)(1)).

Turning to the first element, the Act defines an interactive computer service as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Numerous courts have found that Google is a provider of such interactive computer services. *See, e.g.*, *Kabbaj*, 2014 WL 1369864, at *2 (collecting cases). As to the second element, "[t]raditional acts of an editorial, or publishing, nature include 'deciding whether to publish, withdraw, or alter content.'" *Id.* at *3 (quoting *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003)). Metroka asserts that Google "has knowingly indexed, *published*, maintained, and disseminated Plaintiff's criminal history record information." First Am. Compl. ¶ 34, ECF No. 45-1 (emphasis added). Her claims thus treat Google as a publisher of information. Finally, as to the third element, "[i]f a defendant did not create or author the statement in controversy, but rather is provided that statement by a third-party information content provider, then that defendant cannot be held liable under the Act." *Kabbaj*, 2014 WL 1369864, at *3. This element is also satisfied, as the information in the Crimewatch post

was created by the Lower Moreland Township Police Department, not by Google. First Am. Compl. ¶ 12, ECF No. 45-1.

It is therefore apparent from the face of Metroka's First Amended Complaint that Google has immunity from her state law claims, as it cannot be held liable for search engine results showing a third party's statement. Google's immunity means further amendment would be futile, because Metroka will not be able to state any viable claims against Google based on the Police Department's Crimewatch post. *See, e.g.*, *Kabbaj v. Google, Inc.*, 592 F. App'x 74, 74 (3d Cir. 2015). The Court will thus deny leave to amend, and Google will be dismissed from the case.

An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.
