IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NADIA MARY METROKA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-601 |
| | : | |
| PENNSYLVANIA STATE LAW | : | |
| ENFORCEMENT, et al. | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                          **June 15, 2023**

Pro se Plaintiff Nadia Mary Metroka seeks to bring suit against the Pennsylvania State Law Enforcement Agency (the "Agency) under 42 U.S.C. § 1983. Previously, Metroka voluntarily dismissed the Agency, but she now seeks leave to file an amended complaint against it. Because state agencies are not "persons" subject to suit under § 1983, and because the Court would not have subject matter jurisdiction to hear Metroka's proposed claim, the Court will deny Metroka leave to amend and dismiss the suit against the Agency with prejudice.

## BACKGROUND

On June 21, 2022, pro se Plaintiff Nadia Mary Metroka was arrested by officers of the Lower Moreland Township Police Department in Montgomery County, Pennsylvania. Compl. ¶¶ 3, 15-16, ECF No. 12. Information about the arrest was published on the Montgomery County Crimewatch website, and since then, Metroka has sought to have the post removed. *Id.* ¶¶ 17, 20. To that end, on February 15, 2023, Metroka initiated this suit against the Agency, Montgomery County, the Lower Moreland Township Police Department (the "Police Department"), Officer Kelly Heist, and Google by filing a "Request for Emergency Injunction." ECF No. 1. Three Defendants have been dismissed from the case. *See* Order, Apr. 7, 2023, ECF No. 33 (dismissing the Police Department and Officer Heist); *see also* Order, June 1, 2023, ECF No. 61 (dismissing

Google). As to the Agency and Montgomery County, Metroka filed a notice of voluntary dismissal on April 28, 2023, and both Defendants were dismissed.[1] ECF No. 44.

Two days later, on April 30, 2023, Metroka filed a motion seeking leave to file an amended complaint against the Agency, the Police Department, Officer Heist, and Google. ECF No. 45. The motion has been denied as to all Defendants except the Agency. *See* Order, May 16, 2023, ECF No. 51 (denying as to the Police Department and Officer Heist); *see also* Order, June 1, 2023, ECF No. 61 (denying as to Google). Though Metroka voluntarily dismissed the Agency, she now seeks to assert a claim against it under 42 U.S.C. § 1983 for violation of her constitutional right to privacy. Proposed First Am. Compl. ¶¶ 54-62, ECF No. 45-1. The Agency argues Metroka should not be granted leave to amend because it is not a "person" subject to suit under § 1983, and because it has Eleventh Amendment immunity. Def. Pa. State L. Enf't's Resp. Opp'n Pl.'s Mot. 1-2, ECF No. 58 (hereinafter "Def.'s Resp. Opp'n"). Metroka's motion is now ripe for review.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave, which the court "should freely give . . . when justice so requires." The decision to grant or deny leave to amend is within "the sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). A district court may deny leave to amend when there is undue delay, bad faith, dilatory motive, futility, or prejudice. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). The Agency's arguments raise issues of futility. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* In considering futility, a district court applies the same legal standard

---

[1] Note, though Metroka requested dismissal under Federal Rule of Civil Procedure 41(a)(2), which requires a Court order, the Clerk of Court dismissed both Defendants under 41(a)(1), as neither had filed an answer or motion for summary judgment.

as to a motion to dismiss under Rule 12(b)(6). *Id.* Thus, the Court must accept all factual allegations in the proposed amended pleading as true and construe those allegations in the light most favorable to Metroka. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Finally, the Court must construe pro se filings liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

**DISCUSSION**

The proposed First Amended Complaint seeks to assert a claim against the Agency under § 1983, which provides a cause of action against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]

42 U.S.C. § 1983. The Supreme Court, however, has limited § 1983's application: "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "[i]t is well-established . . . that Section 1983 does not provide for damages claims against state agencies[.]" *Winkler v. Pa. Dep't of Agric.*, 994 F. Supp. 2d 668, 672 (E.D. Pa. 2014) (citing *Will*, 491 U.S. at 64, 70-71 (1989)).

There is no "Pennsylvania State Law Enforcement Agency." Metroka describes the Agency as "a state agency" and "the governing body overseeing law enforcement in the state," Proposed First Am. Compl. ¶¶ 1, 55, ECF No. 45-1, and the Defendant interprets her claim to be against the Pennsylvania State Police. Def.'s Resp. Opp'n 1, ECF No. 58. As Metroka admits in the proposed First Amended Complaint, the Pennsylvania State Police is a state agency, and so is not a "person" within the meaning of § 1983. *See* 71 Pa. Cons. Stat. §§ 61, 732-102.   Moreover,

the Eleventh Amendment bars claims for damages against state agencies which have not waived sovereign immunity. *See, e.g.*, *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011). The Pennsylvania State Police has not waived immunity, *see* 42 Pa. Cons. Stat. § 8521(b), so even if the Court granted Metroka's motion, it would not have subject matter jurisdiction over the proposed First Amended Complaint. *See Atkin*, 432 F. App'x at 48. Because it would be futile to grant Metroka's motion for leave to file an amended complaint, the motion is denied.

An appropriate Order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.